# NO. 23-2110

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

**DOLBY LABORATORIES LICENSING CORPORATION,**
*Appellant*

v.

**UNIFIED PATENTS, LLC,**
*Appellee*

**KATHERINE K. VIDAL, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,**
*Intervenor*

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in IPR2021-00275

## RESPONSE BRIEF OF APPELLEE UNIFIED PATENTS, LLC

### HAYNES AND BOONE, LLP

Debra J. McComas
David L. McCombs
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Phone: (214) 651-5375

Raghav Bajaj
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Phone: (512) 867-8520

Angela M. Oliver
Adam L. Erickson
800 17th Street NW, Suite 500
Washington, D.C. 20006
Phone: (202) 654-4552

*Additional Counsel Listed on Inside Cover*

**UNIFIED PATENTS, LLC**

Roshan Mansinghani
Jessica Leann Andersen Marks
4445 Willard Ave., Ste. 600
Chevy Chase, MD 20815
Phone: (214) 945-0200

*Attorneys for Appellee, Unified Patents, LLC*

# CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 23-2110 |
| **Short Case Caption** | Dolby Laboratories Licensing Corporation v. Unified Patents, LLC |
| **Filing Party/Entity** | Appellee / Unified Patents, LLC |

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box.** Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: March 8, 2024          Signature: */s/ Debra J. McComas*

Name: Debra J. McComas

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. |
| ___ None/Not Applicable | X None/Not Applicable | _ None/Not Applicable |
| Unified Patents, LLC | | Unified Patents Acquisition, LLC |
| | | Unified Patents Holdings, LLC |

|  |  | Unified Patents Management, LLC |
|  |  | UP HOLDCO INC. |

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

\_\_ None/Not Applicable                    \_\_ Additional pages attached

| Jonathan R. Bowser (Haynes and Boone, LLP) | Ellyar Y. Barazesh (formerly Unified Patents, LLC) |  |
|  |  |  |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

X None/Not Applicable                    \_\_ Additional pages attached

|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

X None/Not Applicable                    \_\_ Additional pages attached

|  |  |  |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................. iii

STATEMENT OF RELATED CASES ..................................................1

JURISDICTIONAL STATEMENT .......................................................2

STATEMENT OF THE ISSUES ...........................................................3

INTRODUCTION ................................................................................5

STATEMENT OF THE CASE ..............................................................6

    A.    Unified Patents' *Inter Partes* Review Proceeding................................6

        1.    Unified files a petition for *inter partes* review...........................6

        2.    The Board institutes review. ....................................................7

        3.    The Final Written Decision determines no challenged claims unpatentable. ...............................................8

    B.    The *SharkNinja* Precedent...............................................................10

SUMMARY OF THE ARGUMENT ...................................................12

STANDARD OF REVIEW ................................................................16

ARGUMENT.....................................................................................17

I.    Dolby lacks standing to appeal. ...................................................17

    A.    Dolby won on the substantive merits of the Final Written Decision, leaving nothing to appeal. ....................................................18

    B.    Dolby has failed to show Article III standing. ...................................19

II.    The Board acted within its discretion in declining to consider whether nine additional entities should have been classified as real parties-in-interest. ...................................................................25

A.     The Board's decision not to consider Dolby's claim of additional Alleged RPIs relates to institution and is not reviewable. ....................................................................... 25

B.     Unified disclosed the real party-in-interest as required by 35 U.S.C. § 312(a)(2); the statute does not obligate the Board to assess countless additional Alleged RPIs where the determination would be speculative. ........................................... 29

III.   The Court should reject Dolby's notice-and-comment challenge to *SharkNinja*. ................................................................. 33

A.     *SharkNinja* did not require notice-and-comment rulemaking because it is not a legislative rule. ................................. 34

B.     The Court need not address whether notice-and-comment rulemaking would have been required because, regardless, the lack of such procedures here is harmless. ................................. 40

IV.    The Board acted within its discretion in sealing Unified's confidential business records. ................................................... 45

CONCLUSION ........................................................................... 49

CERTIFICATE OF COMPLIANCE ................................................ 51

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Am. Fed'n of Lab. & Cong. of Indus. Orgs. v. Nat'l Lab. Rels. Bd.*,
57 F.4th 1023 (D.C. Cir. 2023) ........................................................ 39

*Am. Hosp. Ass'n v. Bowen*,
834 F.2d 1037 (D.C. Cir. 1987) ....................................................... 39

*Apple Inc. v. Qualcomm Inc.*,
992 F.3d 1378 (Fed. Cir. 2021) ................................................. 21, 22

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
727 F.3d 1214 (Fed. Cir. 2013) ........................................... 17, 46, 48

*Applications in Internet Time, LLC v. RPX Corp.*,
897 F.3d 1336 (Fed. Cir. 2018) ...................................................... 11

*Aqua Prod., Inc. v. Matal*,
872 F.3d 1290 (Fed. Cir. 2017) ...................................................... 37

*Argentum Pharms. LLC v. Alcon Rsch., Ltd.*,
IPR2017-01503, Paper 27 (PTAB Jan. 19, 2018) .......................... 9, 48

*AVX Corp. v. Presidio Components, Inc.*,
923 F.3d 1357 (Fed. Cir. 2019) ................................................. 19, 22

*Beloit Corp. v. Valmet Oy*,
742 F.2d 1421 (Fed. Cir. 1984) ...................................................... 41

*In re Chestek PLLC*,
92 F.4th 1105 (Fed. Cir. 2024) ................................... 17, 34, 37, 40

*City of Arlington v. FCC*,
668 F.3d 229 (5th Cir. 2012) ......................................................... 40

*Consumer Watchdog v. Wis. Alumni Rsch. Found.*,
753 F.3d 1258 (Fed. Cir. 2014) ...................................................... 20

iii

*Dep't of Educ. v. Brown*,
  600 U.S. 551 (2023) ........................................................... 24

*ESIP Series 2, LLC v. Puzhen Life USA*,
  LLC, 958 F.3d 1378 (Fed. Cir. 2020) ................................ 14, 17, 25, 27

*Facebook, Inc. v. Windy City Innovations, LLC*,
  973 F.3d 1321 (Fed. Cir. 2020) ..................................... 28, 37

*Gelb v. Dep't of Veterans Affairs*,
  No. 23-1157, 2023 WL 3493702 (Fed. Cir. May 17, 2023) ............................. 47

*Graphic Controls Corp. v. Utah Med. Prods., Inc.*,
  149 F.3d 1382 (Fed. Cir. 1998) ..................................... 45, 47

*Int'l Rectifier Corp. v. IXYS Corp.*,
  515 F.3d 1353 (Fed. Cir. 2008) ..................................... 16

*Intuitive Surgical, Inc. v. Ethicon LLC*,
  25 F.4th 1035 (Fed. Cir. 2022) ..................................... 29

*Jazz Photo Corp. v. United States*,
  439 F.3d 1344 (Fed. Cir. 2006) ..................................... 46

*Jennings v. Rodriguez*,
  138 S. Ct. 830 (2018) ............................................. 30

*JTEKT Corp. v. GKN Automotive Ltd.*,
  898 F.3d 1217 (Fed. Cir. 2018) ..................................... 22

*Lumentum Holdings, Inc. v. Capella Photonics, Inc.*,
  IPR2015-00739, Paper 38 (PTAB Mar. 4, 2016) ............................. 7, 11

*Mayne Pharma Int'l Pty. Ltd. v. Merck Sharp & Dohme Corp.*,
  927 F.3d 1232 (Fed. Cir. 2019) ..................................... 11, 30

*Mid Continent Nail Corp. v. United States*,
  846 F.3d 1364 (Fed. Cir. 2017) ..................................... 42, 43

*Monarch Life Ins. Co. v. Elam*,
  918 F.2d 201 (D.C. Cir. 1990) ..................................... 47

iv

*Monsanto Co. v. Scruggs*,
    459 F.3d 1328 (Fed. Cir. 2006) ........................................................ 47

*Offshore Technical Compliance LLC v. Innovative Pressure Testing, LLC*,
    IPR2020-00923, Paper 43 (PTAB Oct. 28, 2021) ............................ 41

*Pfizer Inc. v. Sanofi Pasteur Inc.*,
    --- F.4th ---, No. 19-1871, 2024 WL 925802 (Fed. Cir. Mar. 5,
    2024) ...................................................................................................40

*Phigenix, Inc. v. Immunogen, Inc.*,
    845 F.3d 1168 (Fed. Cir. 2017) ........................................ 17, 19, 20, 22

*Raytheon Co. v. Gates*,
    318 F. App'x 890 (Fed. Cir. 2008) .................................................... 18

*Shalala v. Guernsey Mem'l Hosp.*,
    514 U.S. 87 (1995) .............................................................................. 39

*SharkNinja Operating LLC v. iRobot Corp.*,
    IPR2020-00734, Paper 11 (PTAB Oct. 6, 2020) ..........................*passim*

*Sheppard v. Sullivan*,
    906 F.2d 756 (D.C. Cir. 1990) ...........................................................42

*Shinseki v. Sanders*,
    556 U.S. 396 (2009) ...........................................................................40

*SIPCO, LLC v. Emerson Elec. Co.*,
    980 F.3d 865 (Fed. Cir. 2020) ............................................... 14, 26, 28

*SkyHawke Techs., LLC v. Deca Int'l Corp.*,
    828 F.3d 1373 (Fed. Cir. 2016) ..............................................18, 19, 20

*Soft Gel Techs., Inc. v. Jarrow Formulas, Inc.*,
    864 F.3d 1334 (Fed. Cir. 2017) .........................................................32

*Splane v. West*,
    216 F.3d 1058 (Fed. Cir. 2000) ........................................................ 38

*Thryv, Inc. v. Click-to-Call Techs., LP*,
    590 U.S. 45 (2020) ........................................................ 17, 25, 28, 31

*UCB, Inc. v. Actavis Lab'ys UT, Inc.*,
    65 F.4th 679 (Fed. Cir. 2023) ................................................. 41

*Uniloc 2017 LLC v. Facebook, Inc.*,
    989 F.3d 1018 (Fed. Cir. 2021) ............................................. 29

*United States v. Reynolds*,
    710 F.3d 498 (3d Cir. 2013) .................................................. 42

*Verify Smart Corp. v. Askeladden, L.L.C.*,
    824 F. App'x 1015 (Fed. Cir. 2020) ...................................... 25

*Worlds Inc. v. Bungie, Inc.*,
    903 F.3d 1237 (Fed. Cir. 2018) ........................................ 23, 37

## Statutes

5 U.S.C. § 553 ...................................................................... 34

5 U.S.C. § 706 ...................................................................... 41

35 U.S.C. § 312 ........................................................... 6, 28, 29

35 U.S.C. § 314 ......................................................... 25, 30, 31

35 U.S.C. § 315 ...................................................................... 31

## Other Authorities

37 C.F.R. § 42.1 ............................................................... 32, 44

37 C.F.R. § 42.8 ...................................................................... 6

37 C.F.R. § 42.11 ............................................................... 35, 37

Standard Operating Procedure 2 (Rev. 10) ........................... 12

Standard Operating Procedure 2 (Rev. 11) ........................... 48

U.S. Const., art. III, § 2 ........................................................ 19

## STATEMENT OF RELATED CASES

In accordance with Federal Circuit Rule 47.5, Unified Patents, LLC concurs with Dolby's statement that there are no pending cases that could affect or be affected by this appeal.

## JURISDICTIONAL STATEMENT

As explained in the Argument section below, the Court lacks jurisdiction to hear the issues raised by Dolby in this appeal because there is no justiciable issue.

## STATEMENT OF THE ISSUES

1. Does a patent owner who obtains a favorable Final Written Decision concluding that no challenged claims are proven unpatentable have standing to appeal the Board's reasoning underlying that favorable outcome?

2. Can a patent owner show standing to appeal a favorable Final Written Decision where there is no pending or threatened claim related to the challenged patent?

3. Does 35 U.S.C. § 314(d) bar a patent owner's appeal from the Board's decision not to reach patent owner's argument that additional real parties-in-interest should have been named, where the determination of additional real parties-in-interest would have no bearing on the outcome of the *inter partes* review proceeding?

4. Does the Board act within its discretion in declining to speculate on whether entities should have been disclosed as real parties-in-interest where there is no threatened or pending action related to the challenged patent, no evidence that any alleged real party-in-interest has ever engaged in potentially infringing activity, and no claim of estoppel or time bar that would render a decision as to the additional alleged RPIs material?

5. Did the Board err in citing to *SharkNinja Operating LLC v. iRobot Corp.*, IPR2020-00734, Paper 11 (PTAB Oct. 6, 2020) (precedential), in support of its determination that principles of judicial efficiency support not reaching the question of the additional alleged RPIs where there is no allegation that the proceeding before the Board would be time-barred or that the petitioner would be estopped, meaning that the real party-in-interest determination would have no impact on the proceeding before the Board?

6. Did the Board abuse its discretion in sealing confidential information?

## INTRODUCTION

Dolby won. The Final Written Decision in this case concludes that the challenged claims of the '577 Patent are not unpatentable over the asserted prior art. There has never been any lawsuit related to the '577 Patent—not even the threat of one. Nor has Dolby ever alleged that Unified Patents or any of its members is engaged in any conduct that might give rise to a claim of infringement related to the '577 Patent. Dolby lacks standing to appeal, and this appeal should, therefore, be dismissed without reaching the merits.

Dolby's appeal also fails because it centers on the unreviewable question of whether the Board's institution decision was proper. But even if the Court were to find jurisdiction and reach the merits of Dolby's arguments, the Board did not err in declining to reach the additional Alleged RPI question raised by Dolby. Principles of judicial efficiency permit the Board to forego consideration of issues that have no bearing on the proceeding before it (or any other proceeding), which is what happened here.

This lack of any harm further alleviates this Court from any need to reach the procedural question raised by Dolby of whether *SharkNinja* required notice and an opportunity to comment before it was made precedential. In any event, notice-and-comment rulemaking was not required because *SharkNinja* is not a legislative rule.

Finally, the Board has discretion to determine what matters should be maintained as confidential. Here, the Board properly weighed the parties' arguments and evidence and appropriately determined that Unified's confidential member information should be maintained under seal.

For these reasons, Dolby's appeal should be dismissed.

## STATEMENT OF THE CASE

The underlying merits of patentability are not at issue here. The following Statement of the Case, therefore, addresses the procedural history and underlying facts relevant to the narrow questions on appeal without discussion of the underlying technology.

### A.    Unified Patents' *Inter Partes* Review Proceeding

#### 1.    Unified files a petition for *inter partes* review.

On December 11, 2020, Unified Patents, LLC ("Unified" or "Unified Patents") filed a petition for *inter partes* review challenging claims 1, 7, and 8 of U.S. Patent No. 10,237,577 ("the '577 Patent") as anticipated and obvious (the "Petition"). Appx76–81. Pursuant to 35 U.S.C. § 312 and 37 C.F.R. § 42.8(b)(1), Unified Patents certified that it was the real party-in-interest and additionally provided voluntary discovery in the form of a Declaration in support of the certification. Appx81, Appx2059–2065. The Petition further disclosed no known litigation involving the '577 Patent. Appx81.

6

In each relevant filing, beginning with the Patent Owner Preliminary Response, Dolby concurred that "[t]here are no known judicial or administrative matters that may affect or be affected by a decision in this proceeding." Appx3493 (Patent Owner's Mandatory Notices). Despite the acknowledged lack of any threatened or pending litigation anywhere regarding the '577 Patent, Dolby identified nine entities in the Patent Owner's Preliminary Response that it believed should have been named as additional RPIs (the "Alleged RPIs") and urged the Board either to: (1) deny the Petition; or (2) require Unified to amend the Petition to identify the additional RPIs. Appx3568–3586. In support of its additional RPI arguments, Dolby cited to Unified Patents' confidential business records, then opposed Unified's efforts to seal the protected materials. Appx4663–4664, Appx4677–4691.

### 2.    The Board institutes review.

On June 17, 2021, the Board issued its Decision Granting Institution of *Inter Partes* Review (the "Institution Decision"). Appx5043–5080. The Institution Decision acknowledged but declined to reach the merits of Dolby's challenge to Unified's RPI disclosure. Appx5044. Citing to *Lumentum Holdings, Inc. v. Capella Photonics, Inc.*, IPR2015-00739, Paper 38 at 6 (PTAB Mar. 4, 2016) (precedential), and *SharkNinja Operating LLC v. iRobot Corp.*, IPR2020-00734, Paper 11 at 18

(PTAB Oct. 6, 2020) (precedential), the Board reasoned that, absent implication of

a time bar or estoppel concern (neither of which is present here), any omission in the

RPI listing at the institution stage was immaterial. Appx5045.

Following institution, Dolby filed a request for rehearing in which it ventured

that, if Unified Patents were required to disclose its members as RPIs, Unified would

choose to withdraw the Petition in lieu of making such a disclosure. *See, e.g.,*

Appx5140, Appx5145. The Board denied Dolby's rehearing request, finding that "no

advantage to the Petitioner, either from avoiding estoppel with respect to other

proceedings before the office (as described in 35 U.S.C. § 315(e)(1)) or civil actions

or other proceedings (as described in 35 U.S.C. § 315(e)(2)) has been shown, as no

such proceeding or litigation has been identified." Appx5832–5833.

### 3. The Final Written Decision determines no challenged claims unpatentable.

In the Final Written Decision, the Board found for Dolby, concluding that

"Petitioner fails to demonstrate, by a preponderance of the evidence, that any of the

challenged claims are unpatentable." Appx36. The Board further denied Unified

Patents' request for rehearing, leaving Dolby meritorious on all substantive claims

and grounds of unpatentability asserted in the Petition. Appx38–44.

Although Dolby had repeated its pre-Institution RPI complaints at trial, the

Board found it unnecessary to reach the issue as part of the Final Written Decision.

Appx5191–5211 (Patent Owner Resp.), Appx3–5 (Final Written Decision). Specifically, the Board explained that "[o]n this record, we determine that we need not address whether the Alleged RPIs were improperly excluded because, 'even if [they] were, it would not create a time bar or estoppel under 35 U.S.C. § 315.'" Appx4 (Final Written Decision) (quoting *SharkNinja*, at 32). Further, the Board recognized the undisputed fact that there are no pending or even threatened infringement lawsuits related to the '577 Patent, the failure to properly name all RPIs has been found not to be jurisdictional, and "there is no allegation that Petitioner's exclusion of the Alleged RPIs should result in termination of the proceeding for any reason other than for the alleged failure of jurisdiction." Appx4–5. The Board also found "no allegation or evidence that any of the Alleged RPIs is barred or estopped from this proceeding, or that Petitioner purposefully omitted any of the Alleged RPIs to gain some advantage in our forum." Appx5. Therefore, the Board "decline[d] to make the requested determination." Appx5.

As to the question of sealing confidential information, the Final Written Decision weighed the factors addressed in *Argentum Pharmaceuticals LLC v. Alcon Research, Ltd.*, IPR2017-01053, Paper 27 at 4 (PTAB Jan. 19, 2018) (informative), and concluded that "the balance of factors favors granting the sealing request." Appx35. The Board reasoned that "the desire of internal employees of one party to

access confidential information of another [(Dolby's primary basis for seeking disclosure of the confidential materials)] is not reflective of the strong public interest in an open record." Appx35.

### B.    The *SharkNinja* Precedent

Dolby faults the Board in this case for citing to a precedential Board decision (*SharkNinja*) to support its decision not to address an issue that would have no impact on the proceeding at hand. For context, the process by which *SharkNinja* became precedential is described here.

On October 6, 2020, a panel of the Board issued a decision granting institution of an *inter partes* review in *SharkNinja Operating LLC v. iRobot Corp.*, IPR2020-00734, Paper 11 (PTAB Oct. 6, 2020). In that case, the patent owner argued that the Board should deny institution under 35 U.S.C. § 312(a)(2) because, in the patent owner's view, the petition did not name all real parties-in-interest. *Id.* at 16.

The Board in *SharkNinja* noted that § 312(a)(2) "serves important notice functions to patent owners, to identify whether the petitioner is barred from bringing an IPR due to an RPI that is time-barred or otherwise estopped, and to the Board, to identify conflicts of interests that are not readily apparent from the identity of the petitioner." *Id.* at 17. The Board also recognized that "petitioners must comply with these requirements in good faith," *id.* at 17 (citing 37 C.F.R. § 42.11(a) regarding the

duty of good faith and candor), and that its jurisdiction did not depend on having a correct identification of all RPIs, *id.* at 18 (citing *Lumentum Holdings, Inc. v. Capella Photonics, Inc.*, IPR2015-00739, Paper 38 at 6 (PTAB Mar. 4, 2016) (precedential), and *Mayne Pharma Int'l Pty. Ltd. v. Merck Sharp & Dohme Corp.*, 927 F.3d 1232, 1240 (Fed. Cir. 2019)).

*SharkNinja* also emphasized the practical reality that "[w]hether a non-party is an RPI is a 'highly fact-dependent question'" that involves "multiple factors." *Id.* at 17–18 (first quoting *Ventex Co. v. Columbia Sportswear N. Am., Inc.*, IPR2017-00651, Paper 148 at 6 (PTAB Jan. 24, 2019) (Paper 148) (precedential), then quoting *Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336, 1351 (Fed. Cir. 2018)). Indeed, the Board noted that there were "at least twenty pages of pre-institution briefing in three separate briefs" on the RPI issue in that case—even though there was "no allegation or evidence" that the non-party would be barred or estopped from the proceeding. *Id.* at 18–19.

Accordingly, instead of going through that "extensive analysis," *id.* at 19, the Board in *SharkNinja* determined that it "need not address whether [the non-party] is an unnamed RPI because, even if it were, it would not create a time bar or estoppel under 35 U.S.C. § 315," *id.* at 18; *see also id.* at 18–19 (discussing the lack of impact on the current proceeding). The Board found that approach "better serves the

interest of cost and efficiency," citing 37 C.F.R. § 42.1(b), which emphasizes "the just, speedy, and inexpensive resolution of every proceeding." *Id.* at 20 & n.14.

A few months later, on December 4, 2020, *SharkNinja* was designated as precedential[1] according to Standard Operating Procedure 2 (Revision 10), which describes the then-applicable process for designating Board decisions as precedential.[2] *See* Standard Operating Procedure 2 (Rev. 10) at 8–12. Generally, that process involved a decision-nominating process, review by a Screening Committee, further review by an Executive Judges Committee, and a decision by the Director as to whether the decision (or a portion of the decision) should be designated as precedential. *See id.* at 8–11.

## SUMMARY OF THE ARGUMENT

There are three jurisdictional reasons to dismiss this appeal outright: (1) lack of prudential standing; (2) lack of constitutional standing; and (3) lack of reviewability under 35 U.S.C. § 314(d).

---

[1] A PDF of *SharkNinja*, showing the precedential stamp, is available at: https://www.uspto.gov/sites/default/files/documents/IPR202000734Paper11SharkNinja.pdf

[2] At the time *SharkNinja* was made precedential, Standard Operating Procedure 2 (Revision 10) governed the process of designating decisions as precedential. In July 2023, a revised version of Standard Operating Procedure 2 (Revision 11) came into effect. The prior version (Revision 10) appears to be archived at: https://www.uspto.gov/sites/default/files/documents/SOP2%20R10%20FINAL.pdf

*First*, under principles of prudential standing, a party may not appeal a favorable Final Written Decision, even if that party is unhappy with portions of the Board's underlying reasoning or rulings leading to that favorable judgment. Dolby's appeal falls squarely within this prohibition. Indeed, the Final Written Decision concludes that the challenged claims of the '577 Patent are not unpatentable over the asserted prior art. That decision was entirely favorable to Dolby, leaving nothing for Dolby to appeal. For this reason alone, Dolby's appeal should be dismissed for lack of standing.

*Second,* Dolby fails to show constitutional standing to appeal. Article III of the United States Constitution requires an appellant to show the existence of a live case or controversy under which the appellant has a direct injury-in-fact caused by the challenged error and correctable through resolution of the issue on appeal. Here, Dolby's appeal criticizes two things: (1) the Board's decision not to reach allegations that nine additional entities should have been named as real parties-in-interest; and (2) the Board's ruling sealing an email communication between Unified Patents and one of its members. Dolby makes no effort to show an injury-in-fact associated with sealing the email. And its arguments with respect to the additional Alleged RPIs do not rise to an injury-in-fact. Indeed, there is no allegation that addressing Dolby's additional Alleged RPIs would have resulted in Unified being estopped or time-

barred from bringing an *inter partes* review. Further, it is undisputed that there has never been any lawsuit related to the '577 Patent—not even the threat of one. Nor has Dolby ever alleged that Unified Patents or any of its members is engaged in any conduct that might give rise to a claim of infringement related to the '577 Patent. Under these facts, Dolby has not shown an injury-in-fact caused by the Board's declining to reach the additional Alleged RPI question. For this separate reason, Dolby's appeal should be dismissed for lack of standing.

*Third,* Dolby's appeal also fails because it centers on the unreviewable question of whether the Board properly instituted *inter partes* review. This Court has routinely held that a challenge to whether a petition should have been instituted in light of a petitioner's alleged failure to disclose all real parties-in-interest is an institution-related determination that is not reviewable under 35 U.S.C. § 314(d). *See ESIP Series 2, LLC v. Puzhen Life USA,* LLC, 958 F.3d 1378, 1386 (Fed. Cir. 2020); *SIPCO, LLC v. Emerson Elec. Co.*, 980 F.3d 865, 869 (Fed. Cir. 2020). At its core, that is exactly what Dolby argues here, faulting the Board for failing to penalize Unified Patents (through the denial of institution) for failing to name all nine Alleged RPIs. This question is not reviewable under § 314(d). Dolby's appeal on this ground should, therefore, be dismissed.

Even if the Court were to find jurisdiction and reach the merits of Dolby's arguments, Dolby's appeal fails for essentially the same reasons that Dolby lacks standing. The Board need not reach issues that are, at best, speculative, and do not bear directly on the substantive questions before it. Here, the Petition identified the real party-in-interest: Unified Patents. While Dolby sought to attack that disclosure as incomplete, the Board properly found that the resolution of that highly fact-intensive question would not have impacted any party in any proceeding because there are no threatened or pending lawsuits or other agency actions related to the '577 Patent and no allegation that Unified's proceeding would have been time-barred or the petitioner estopped. The Board found that Dolby's sole basis for seeking the determination was to undo institution. But, as the Board reinforced and this Court has emphasized, the failure to include all real parties-in-interest is not jurisdictional. A petitioner may amend the petition to add RPIs should the need arise. And even if estoppel were to arise in future litigation, nothing in the Board's decision in this proceeding would foreclose Dolby from raising the issue in subsequent litigation (should any ever arise). Under these circumstances, the Board did not abuse its discretion in declining to reach the Alleged RPI issue.

The lack of any harm to Dolby further alleviates any need for this Court to reach the procedural question raised by Dolby of whether *SharkNinja* required

notice and an opportunity to comment before it was made precedential. In any event, notice-and-comment rulemaking was not required because *SharkNinja* is not a legislative rule. And even if notice-and-comment was required, the lack of such procedures here was harmless because Dolby has failed to establish any prejudice. *SharkNinja* is a correct application of longstanding judicial principles.

Finally, the Board has discretion to determine what matters should be maintained as confidential. Here, the Board properly weighed the parties' arguments and evidence and appropriately determined that Unified's confidential member information should be sealed. Dolby fails to point to any abuse of discretion in that determination.

For these reasons, Dolby's appeal should be dismissed.

## STANDARD OF REVIEW

Dolby's appeal suffers from several insurmountable jurisdictional barriers to appellate review, including a lack of prudential and constitutional standing and a statutory bar to appellate review. The question of appellate jurisdiction is a question of law determined by this Court in the first instance. *See Int'l Rectifier Corp. v. IXYS Corp.*, 515 F.3d 1353, 1357 (Fed. Cir. 2008). Appellate standing is a threshold jurisdictional inquiry that the appellant bears the burden to prove "at the earliest

possible opportunity." *Phigenix, Inc. v. Immunogen, Inc.*, 845 F.3d 1168, 1173 (Fed. Cir. 2017).

If Dolby were able to overcome the standing hurdle, the issues raised on appeal are primarily related to the propriety of institution, a question that is not reviewable. *ESIP Series 2*, 958 F.3d at 1386 (quoting *Thryv, Inc. v. Click-to-Call Techs., LP*, 590 U.S. 45, 52–55 (2020)). The remaining substantive questions (should they be reached) relate to: (1) the Board's compliance with the Administrative Procedure Act, which is reviewed de novo, *In re Chestek PLLC*, 92 F.4th 1105, 1108 (Fed. Cir. 2024); and (2) the Board's ruling on a motion to seal, which is reviewed for an abuse of discretion, *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (applying Ninth Circuit law).

## ARGUMENT

### I.    Dolby lacks standing to appeal.

Dolby lacks both prudential and constitutional standing to appeal. Indeed, Dolby does not even try to show prudential standing and provides no more than superficial and speculative grounds for Article III standing. To appeal, Dolby needed to establish standing under both theories. It showed neither. As a result, Dolby's appeal should be dismissed.

**A.    Dolby won on the substantive merits of the Final Written Decision, leaving nothing to appeal.**

Dolby won. The Final Written Decision concluded that no challenged claims were unpatentable. Appx36. That decision leaves nothing for Dolby to appeal. "A party may appeal a judgment only if the party 'seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment.'" *Raytheon Co. v. Gates*, 318 F. App'x 890, 890 (Fed. Cir. 2008) (non-precedential) (emphasis added) (quoting *Bailey v. Dart Container Corp.*, 292 F.3d 1360, 1362 (Fed. Cir. 2002)). "Even if the prevailing party alleges some adverse impact from the lower tribunal's opinions or rulings leading to an ultimately favorable judgment, the matter is generally not proper for review." *SkyHawke Techs., LLC v. Deca Int'l Corp.*, 828 F.3d 1373, 1375 (Fed. Cir. 2016) (citing *California v. Rooney*, 483 U.S. 307, 311–13 (1987)). Dolby's appeal falls squarely into this prudential prohibition.

Dolby alleges a generalized concern that the Board should have made specific findings about nine additional Alleged RPIs on the off chance that litigation arises in the future as to these entities. That question is not material to the outcome of the Final Written Decision on patentability. Nor does the Final Written Decision bar Dolby from raising estoppel against the Alleged RPIs should future litigation arise. Indeed, there can be no risk of issue preclusion here given the Board expressly declined to reach the issue. As a result, Dolby's appeal is barred under principles of

prudential standing. *See SkyHawke*, 828 F.3d at 1376 (holding patent owner lacked

standing to appeal underlying claim construction in the face of favorable final written

decision of non-obviousness).

**B.    Dolby has failed to show Article III standing.**

Article III of the United States Constitution limits this Court's judicial review

to live cases or controversies. U.S. Const., art. III, § 2; *see AVX Corp. v. Presidio

Components, Inc.*, 923 F.3d 1357, 1361 (Fed. Cir. 2019) (citing *Lujan v. Defenders of

Wildlife*, 504 U.S. 555, 559–60 (1992)). To prove standing to appeal, the appellant

must show (through credible evidence) three things: (1) an "injury in fact," (2) "a

causal connection between the injury and the conduct complained of," and (3) a

likelihood that "the injury will be redressed by a favorable decision." *AVX*, 923 F.3d

at 1361 (quoting *Lujan*, 504 U.S. at 560–61); *see also Phigenix, Inc. v. Immunogen, Inc.*,

845 F.3d 1168, 1171 (Fed. Cir. 2017). An "injury in fact" must be concrete, real,

actual, imminent, and not conjectural, hypothetical or speculative. *AVX*, 923 F.3d at

1361 (citing *Lujan*, 504 U.S. at 560–61).

Dolby does not come close to meeting its burden to show standing. Indeed,

contrary to Dolby's suggestion (Dolby's Br. 12), the statutory grant of a right of a

"dissatisfied" party to appeal from the Board's decision under 35 U.S.C. § 319 does

not alleviate an appellant's obligation to satisfy the constitutional standing

requirements. *SkyHawke*, 828 F.3d at 1377 (holding appeal rights limited to an unfavorable "decision" and rejecting argument that reference to "dissatisfied" party in 35 U.S.C. § 319 was intended to "broaden the appeal rights from Board decisions to include those of prevailing parties who are merely dissatisfied with the Board's reasoning"); *cf. Phigenix,* 845 F.3d at 1175 (holding that the statutory grant of a right to appeal under 35 U.S.C. § 141(c) does not alleviate Article III's standing requirements); *Consumer Watchdog v. Wis. Alumni Rsch. Found.*, 753 F.3d 1258, 1262 (Fed. Cir. 2014) (applying same reasoning to appeal of *inter partes* reexamination).

In IPR appeals, an appellant has the burden to produce actual evidence establishing the alleged injury-in-fact to support its standing. *Phigenix,* 845 F.3d at 1172–73. And where the record below does not support standing, this burden requires submission of affidavits or other admissible evidence to substantiate the claims of injury on appeal. *Id.* at 1173–74 (rejecting affidavit evidence that did not adequately aver facts based on personal knowledge to support standing arguments). In the face of this standard, Dolby offers only attorney argument that fails to establish the requisite standing.

As discussed above, Dolby won. The Board found that the challenged claims of the '577 Patent are not unpatentable over the asserted prior art. Appx35. It is undisputed that there has never been any lawsuit related to the '577 Patent—not

even the threat of one. Appx4–5. Nor has Dolby ever alleged that Unified Patents or any of its members is engaged in any conduct that might give rise to a claim of infringement related to the '577 Patent.

Faced with this complete absence of evidence of any injury-in-fact, Dolby offers only speculation and conjecture, none of which rises to an injury in fact. *First*, Dolby speculates that it "has many interactions with companies and actors throughout the video and audio encoding ecosystem," and it is conceivable that undisclosed RPIs could possibly be breaching existing license agreements. Dolby's Br. 13. Dolby provides no evidence to support this generalized conjecture.

And even in cases where the appellant points to an existing license agreement that may encompass the challenged patents, this Court has found no injury-in-fact absent a showing that the issue on appeal would have a direct impact on the contractual obligations under the license agreement. *See Apple Inc. v. Qualcomm Inc.*, 992 F.3d 1378, 1383–84 (Fed. Cir. 2021). In *Apple v. Qualcomm*, for instance, the parties entered into a settlement and license agreement and dismissed all pending lawsuits. 992 F.3d at 1381–82. Apple sought to appeal the Board's findings that the challenged patents were not unpatentable. *Id.* The Court held that Apple failed to establish standing based on its ongoing license obligations because there was no

contractual dispute involving those obligations that could be resolved through a validity determination of the patents at issue. *Id.* at 1383–84.

Here, despite identifying nine entities that it claimed the Board should have named as RPIs, Dolby does not argue (much less prove) that any of those entities are subject to existing license agreements with Dolby. Nor does it show how a theoretical license agreement might be impacted by resolution of the RPI issues on appeal. Dolby does not describe any actual interactions with the nine Alleged RPIs at all. This hypothetical scenario does not show an injury-in-fact tied to the issues on appeal. *Id.*

*Second*, Dolby hypothesizes that confirmation of the Alleged RPIs would allow Dolby to assert estoppel against those parties in future hypothetical infringement litigation, if and when such litigation ever occurs. Dolby's Br. 14. But the possibility that a lawsuit may arise in the future "is too speculative to confer standing." *Apple v. Qualcomm*, 992 F.3d at 1384. And the possibility that an argument regarding estoppel might arise in hypothetical, future litigation is similarly too speculative to show an injury-in-fact. *See AVX Corp.*, 923 F.3d at 1362–63; *Phigenix*, 845 F.3d at 1175–76; *JTEKT Corp. v. GKN Automotive Ltd.*, 898 F.3d 1217, 1221 (Fed. Cir. 2018). There is no pending or threatened litigation related to this patent, much less an issue of time bar or estoppel. Appx4–5.

*Third,* Dolby imagines that, faced with the choice between identifying its members and pursuing IPRs, Unified "may never challenge another Dolby patent again." *See* Dolby's Br. 14–15. As an initial matter, "the determination of whether a party is a real party in interest may differ from one IPR to the next, even among a set of seemingly related IPRs." *Worlds Inc. v. Bungie, Inc.*, 903 F.3d 1237, 1247 (Fed. Cir. 2018). Thus, addressing whether a particular non-party is a real party-in-interest in one IPR proceeding would not necessarily impact other proceedings at all. *See id.* Nor does Dolby explain how it could be an injury for a patent owner to respond to a properly filed petition for *inter partes* review. Regardless, the cited testimony does not support Dolby's contrived argument about what Unified might do in Dolby's hypothetical scenario. Unified's CEO could not speculate as to what Unified might do if required to identify large swaths of members as real parties-in-interest in its IPRs. Appx3660, 22:2–6, Appx3662, 24:24–25. The testimony, read as a whole, reflects that the consequences of a sweeping RPI determination on Unified's future strategies are, at best, speculative. And indeed, having considered the entirety of the record, the Board rejected Dolby's argument as "speculative" and unrelated to "an advantage in the *inter partes* proceeding before us . . . ." Appx5830. Dolby provides no basis to disturb that finding here.

23

*Fourth*, while Dolby speculates that the identification of the Alleged RPIs could impact conflicts among the Administrative Patent Judges, Dolby cannot demonstrate any concrete injury to it from potential undisclosed conflicts since it received full relief from the Final Written Decision. This is particularly true where, as here, there are no pending lawsuits related to the '577 Patent against anyone, much less any of the Alleged RPIs. Further, as discussed below in Section III.A, the Administrative Patent Judges had more than enough information to ensure a lack of conflicts on their part, given that Dolby identified the Alleged RPIs prior to institution. *See* Appx3573–3574 (Preliminary Resp.).

*Fifth*, Dolby does not contend that its notice-and-comment argument regarding *SharkNinja* somehow creates Article III standing—nor could it. *See* Dolby's Br. 24. "[T]he 'deprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing." *Dep't of Educ. v. Brown*, 600 U.S. 551, 562 (2023) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)).

Because Dolby fails to show any injury-in-fact caused by the Board's decision not to consider the Alleged RPIs that is redressable by the current appeal, this Court lacks standing, and the appeal should be dismissed.

**II.     The Board acted within its discretion in declining to consider whether nine additional entities should have been classified as real parties-in-interest.**

**A.     The Board's decision not to consider Dolby's claim of additional Alleged RPIs relates to institution and is not reviewable.**

Dolby's appeal seeks to challenge whether additional parties should have been named as a real party-in-interest at institution under 35 U.S.C. § 312(a)(2), an issue that is not reviewable as matter of law. 35 U.S.C. § 314(d). Indeed, in *Thryv*, 590 U.S. at 52–55, the Supreme Court held that § 314(d) precludes appellate review of "an ordinary dispute about the application of" an institution-related statute such as application of the one-year time bar in § 315(b). Following *Thryv*, this Court has held that a "contention that the Board failed to comply with § 312(a)(2) is 'a contention that the agency should have refused to institute an inter partes review.'" *ESIP Series 2*, 958 F.3d at 1386 (quoting *Thryv*, 590 U.S. at 52–55). And, such a "challenge to the Board's 'real parties in interest' determination 'raises an ordinary dispute about the application of an institution-related statute,'" and "§ 314(d) precludes [this Court's] review of that determination." *ESIP Series 2,* 958 F.3d at 1386 (quoting *Thryv*, 590 U.S. at 52–55); *Verify Smart Corp. v. Askeladden, L.L.C.*, 824 F. App'x 1015, 1024 (Fed. Cir. 2020) (non-precedential). Indeed, "a challenge based on a petitioner's failure to identify all 'real parties in interest' [is] no different than

the challenge to § 315(b)'s time bar in *Thryv.*" *SIPCO LLC v. Emerson Elec. Co.*, 980 F.3d 865, 869 (Fed. Cir. 2020) (applying the same principles to CBM review).

Dolby's appeal rests similarly on the unreviewable question of whether the Board complied with 35 U.S.C. § 312(a)(2)'s requirement to limit institution "only" to instances where the petitioner discloses all real parties-in-interest. *See* Dolby's Br. 1 (quoting 35 U.S.C. § 312(a)(2) in the opening sentence of the Introduction as mandating that the Petition be considered "only if" it identifies all real parties-in-interest); Dolby's Br. 15–22 (relying on the 35 U.S.C. § 312 language providing for consideration of a petition—i.e., institution—only if the petition identifies all real parties-in-interest); Dolby's Br. 31 (asking this Court in the Conclusion to "remand with instructions for the Board to substantively address the RPI dispute *consistent with § 312(a)(2)*" [the statute governing when institution is proper] (emphasis added)). Further, the Board expressly recognized Dolby's arguments as attacking the threshold question of whether institution was proper. Specifically, the Board recognized the undisputed fact that there are no pending or even threatened infringement lawsuits related to the '577 Patent, the failure to properly name all RPIs has been found not to be jurisdictional, and "there is no allegation that Petitioner's exclusion of the Alleged RPIs should result in termination of the proceeding for any

reason other than for the alleged failure of jurisdiction." Appx4–5. That threshold question of institution is not reviewable. *ESIP Series 2,* 958 F.3d at 1386.

Applying circular reasoning, Dolby argues that the Board's decision not to reach the additional Alleged RPI question because it would not affect institution or result in termination of the proceeding somehow violates § 312(a)(2)'s RPI requirements. Dolby's Br. 10. But this misses the point. Unless there is a reason to determine a bar under § 315(b) or estoppel under § 315(e), the Board has no statutory reason to consider real parties-in-interest beyond the requirements of § 312(a)(2) related to institution. As a result, any decision on whether the question of additional Alleged RPIs should be reached is necessarily encompassed within § 312(a)(2) and is not reviewable.

Dolby cannot escape that its challenge is based on alleging that the Board failed to comply with 35 U.S.C. § 312(a)(2) by describing the challenge as related to the scope of the Board's authority. Indeed, this Court rejected a similar argument in *SIPCO*:

> Although SIPCO urges that the Board exceeded its authority in conducting a CBM review for a patent that SIPCO contends is not a CBM patent, *Thryv* held that the "No Appeal" provision barred judicial review of the threshold decision to institute inter partes review despite the argument that the Board exceeded its statutory authority in doing so. *See* 140 S. Ct. at 1380 (Gorsuch, J., dissenting) (arguing that the holding in *Thryv* permits the

agency to "act in defiance of plain congressional limits on its authority").

980 F.3d at 869.

Similarly, the fact that the Board repeated its reasons for declining to reach Dolby's Alleged RPI arguments at Final Written Decision does not render the issue reviewable. In *Thryv,* the Supreme Court rejected a similar argument, explaining as follows:

> Click-to-Call presses an alternative reason why the Board's ruling on its § 315(b) objection is appealable. The Board's final written decision addressed the § 315(b) issue, so Click-to-Call argues that it may appeal under § 319, which authorizes appeal from the final written decision. But even labeled as an appeal from the final written decision, Click-to-Call's attempt to overturn the Board's § 315(b) ruling is still barred by § 314(d). Because § 315(b)'s sole office is to govern institution, Click-to-Call's contention remains, essentially, that the agency should have refused to institute inter partes review. As explained, § 314(d) makes that contention unreviewable.

590 U.S. at 52–55.

Relatedly, the role of § 312(a)(2) is to identify the threshold requirements of a petition, which may be considered for *inter partes* review. *See generally* 35 U.S.C. § 312. This falls in stark contrast to the few cases cited by Dolby where this Court has allowed appellate review precisely because the issue did not rise or fall on § 312. *See, e.g., Facebook, Inc. v. Windy City Innovations, LLC*, 973 F.3d 1321, 1330–32 (Fed. Cir. 2020) (finding appellate review appropriate over conflict between the statutory

provision of § 315(c)); *Uniloc 2017 LLC v. Facebook, Inc.*, 989 F.3d 1018, 1027 (Fed. Cir. 2021) (finding appellate review appropriate of post-institution estoppel ruling under § 315(e)(1)); *Intuitive Surgical, Inc. v. Ethicon LLC*, 25 F.4th 1035, 1040 (Fed. Cir. 2022) (same).

Dolby's appeal rests on a question that is not reviewable under § 314(d). Dolby's appeal on this ground should, therefore, be dismissed.

**B.    Unified disclosed the real party-in-interest as required by 35 U.S.C. § 312(a)(2); the statute does not obligate the Board to assess countless additional Alleged RPIs where the determination would be speculative.**

Even if the Court were to find jurisdiction and reach the merits of Dolby's arguments, Dolby's appeal fails on its merit. Section 312(a)(2) states that a "petition . . . may be considered only if— [*inter alia,*] the petition identifies all real parties in interest." That threshold requirement was met here. Indeed, Unified Patents filed a Petition naming itself as the sole real party-in-interest, even providing voluntary discovery supporting that contention. Appx81, Appx2059–2065. The statute requires nothing more.

The problem with Dolby's argument is that it seeks to transform a rule outlining the requirements for the petition (fee payment, identification of the party/RPI, grounds raised) into a threshold determination of the merits of those allegations. The use of the term "only if" in this context does not justify Dolby's

transformation. And none of the authorities relied on by Dolby (*see* Dolby's Br. 16–19) in support of a limiting statutory construction of the phrase "may . . . *only if*" address that term in the context of a provision outlining a pleading standard. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 846 (2018) (cited by Dolby but addressing the unrelated question of substantive conditions under which the Attorney General may establish guidelines for the release of alien detainees).

But nothing in either § 312 (defining the contents of a petition for *inter partes* review) or § 314(a) (defining the standard for determining whether, in the Board's sole discretion, to institute review) imposes an obligation on the Board to make an independent determination as to whether a petition that purports to identify all real parties-in-interest is correct and to strike errant petitions. Indeed, this Court has confirmed that § 312(a)(2) is not jurisdictional, and corrections to disclosures may be allowed at any time in the proceeding, to the extent relevant to the proceeding. *See Mayne Pharma Int'l Pty Ltd. v. Merck Sharp & Dohme Corp.*, 927 F.3d 1272, 1238 (Fed. Cir. 2019).

Contrary to Dolby's position, the Director of the Patent Office is granted broad discretion to make the threshold determination of whether to institute *inter partes* review. 35 U.S.C. § 314(d) ("The determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable.").

And the statutory parameters for the Director to institute review are not whether there has been an adequate RPI disclosure. Rather, the Director may institute review where the Director determines, in her sole, unreviewable discretion, that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a), (d).

Nor does § 312(a)(2) mandate a final determination post-institution of whether additional real parties-in-interest should be disclosed. The only provisions that address real party-in-interest following institution are the potential for estoppel against the petitioner, real party-in-interest, or privy to the petitioner in other agency or district court proceedings involving the same patent. *See* 35 U.S.C. § 315(e). But nothing in the initial identification of a real party-in-interest in the petition forecloses a patent owner from asserting estoppel against parties not disclosed in the instant proceeding.

The Supreme Court's analysis in *Thryv* is instructive. There, the Court explained that Congress enacted the America Invents Act and provided for *inter partes* review "to weed out bad patent claims efficiently." 590 U.S. at 54. In so doing, Congress prioritized judicial efficiency in determining patentability over a petitioner's compliance with statutory restrictions, such as time bars on bringing a petition. *Id.* at 55 ("It is unsurprising that a statutory scheme so consistently

31

elevating resolution of patentability above a petitioner's compliance with § 315(b) would exclude § 315(b) appeals, thereby preserving the Board's adjudication of the merits."). If the Supreme Court reached that conclusion on a provision that expressly prohibits institution of *inter partes* review "if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint," then it stands to reason that the same applies equally if not more so to the initial real party-in-interest disclosure in the petition under § 312(a)(2).

In this context, it becomes apparent why the Board may appropriately reserve decision-making regarding the proper scope of the real party-in-interest to instances where it matters. Such judicial efficiency is, as the Supreme Court in *Thryv* explained, at the heart of the *inter partes* review process, and it is a longstanding, commonplace practice in the judicial system to decline to reach issues that would not impact the outcome of the proceedings before it. *See, e.g.*, *Soft Gel Techs., Inc. v. Jarrow Formulas, Inc.*, 864 F.3d 1334, 1339 n.3 (Fed. Cir. 2017) (declining to address alternative grounds of unpatentability); *see also* 37 C.F.R. § 42.1(b) (emphasizing "the just, speedy, and inexpensive resolution of every proceeding").

While Dolby sought to attack the RPI disclosure in the Petition as factually incomplete, the Board properly found that the resolution of that highly fact-intensive

question would not have impacted any party in any proceeding because there are no threatened or pending lawsuits or other agency actions related to the '577 Patent and no allegation that the proceeding would have been time-barred or the Petitioner estopped. The Board found that Dolby's sole basis for seeking the determination was to undo institution. But, as the Board reinforced and this Court has emphasized, the failure to include all real parties-in-interest is not jurisdictional. A petitioner may amend the petition to add RPIs should the need arise. And even if estoppel were to arise in future litigation, nothing in the Board's decision would foreclose Dolby from raising the issue in subsequent litigation (should any litigation ever arise). Under these circumstances, the Board did not abuse its discretion in declining to reach the Alleged IPR issue.

## III. The Court should reject Dolby's notice-and-comment challenge to *SharkNinja*.

Dolby's brief procedural challenge to *SharkNinja* fails for multiple reasons.[3] First, as discussed above, Dolby lacks standing to bring this appeal, including this notice-and-comment challenge. *See supra* Section I. Second, *SharkNinja* is simply not the type of agency action that requires notice-and-comment rulemaking. Finally,

---

[3] Dolby at times refers to "the rule of *SharkNinja* and *Memoryweb*" (Dolby's Br. 24), but *SharkNinja* is the Board's precedential decision upon which *Memoryweb's* reasoning rests. The Board's Decision here does not reference *Memoryweb*. Accordingly, this brief refers only to *SharkNinja*.

even if Dolby had standing, the Court need not address Dolby's notice-and-comment challenge because the lack of notice-and-comment procedure here was harmless.

### A. *SharkNinja* did not require notice-and-comment rulemaking because it is not a legislative rule.

*SharkNinja* is not a legislative (substantive) rule, so notice-and-comment rulemaking was not required. *See* 5 U.S.C. § 553(b)(A). As this Court just recently explained, "§ 553(b)(A) does not require the formalities of notice-and-comment for 'interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice.'" *In re Chestek PLLC*, 92 F.4th 1105, 1109 (Fed. Cir. 2024). Because *SharkNinja* falls within the categories listed in § 553(b)(A), rather than the category of a substantive rule, the agency had no obligation to provide notice and an opportunity to comment before making *SharkNinja* precedential.

A "substantive" rule "effects a change in existing law or policy which affects individual rights and obligations." *Chestek*, 92 F.4th at 1109 (quoting *Animal Legal Def. Fund v. Quigg*, 932 F.2d 920, 927 (Fed. Cir. 1991)).[4] Nothing about *SharkNinja* impacts any party's rights or obligations. Instead, *SharkNinja* simply reiterates the

---

[4] Dolby appears to agree with this understanding of a substantive rule. *See* Dolby's Br. 25 (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 301–02 (1979) as defining a "substantive rule" as one "affecting individual rights and obligations").

fundamental principle that a tribunal need not address arguments that have no

impact on the case before it. Indeed, *SharkNinja* applies precisely when the RPI issue

would not change anything in the case, i.e., where an RPI determination "would not

create a time bar or estoppel under 35 U.S.C. § 315." *SharkNinja*, IPR2020-00734,

Paper 11 at 18.

Dolby contends that *SharkNinja* "plainly" affects individual rights by

"depriv[ing] patent owners like Dolby of their right to know the identities of *all* real

parties in interest involved." Dolby's Br. 25. But Dolby already knows that

information. Unified properly and correctly identified itself as the sole real party-in-

interest to this IPR proceeding, Appx81, and that representation was made in good

faith and according to the duty of candor required by 37 C.F.R. § 42.11(a). Dolby has

not cited any authority to suggest it has a right to an advisory opinion regarding

whether other non-parties that Dolby identifies should also be named as real parties-

in-interest, where that finding would have no impact on the case at hand.

Dolby also suggests it has a "right to ensure that Board panels assigned to [its]

proceedings are free of conflicts of interest with respect to all real parties in interest,"

citing *SharkNinja* as purportedly recognizing that § 312(a)(2) provides "patent

owners" with that right. Dolby's Br. 25. Dolby misreads *SharkNinja's* discussion of

conflicts. *SharkNinja* instead states that § 312(a)(2) "serves [an] important notice

function[] ... *to the Board*, to identify conflicts of interest that are not readily apparent from the identity of the petitioner." *SharkNinja*, IPR2020-00734, Paper 11 at 17 (emphasis added). While § 312(a)(2) is useful for placing the Board on notice of conflicts it should consider before participating in a case, there is no doubt that, here, the Board was fully aware of the additional companies Dolby believed to be real parties-in-interest to this proceeding because Dolby specified those companies prior to institution. *See* Appx3573–3574 (Preliminary Resp.). Thus, the Board had all the notice it needed to confirm that no conflicts existed.

Dolby further suggests that *SharkNinja* "exposes patent owners like Dolby to additional inter partes review challenges that could not or would not have been brought if the Board and Director enforced Congress's mandate that petitioners like Unified must name *all* RPIs in every proceeding." Dolby's Br. 25–26 (emphasis in original). This is complete speculation. Moreover, as noted above, to the extent Dolby believes a party who files a later IPR challenge against it should be estopped based on the Final Written Decision in Unified's IPR, Dolby will have a full and fair opportunity to raise its estoppel argument in that proceeding.

Finally, Dolby contends that *SharkNinja* "affects the obligations of petitioners by removing the petitioners' burden to prove the accuracy of their RPI identifications in the vast majority of proceedings." Dolby's Br. 26. But while a

petitioner bears the burden to show that its listing of real parties-in-interest is correct in a situation where that determination has an impact on the proceeding (e.g., if the proceeding would be time-barred), *see Worlds*, 903 F.3d at 1242, Dolby cites no authority requiring the Board to make an affirmative finding that a petitioner's § 312(a)(2) statement is correct where that has no bearing on the case. Nor does Dolby explain why the duty of candor and good faith required by 37 C.F.R. § 42.11(a) is insufficient to ensure accuracy, particularly where, again, there are no time-bar or estoppel implications in play. Section 312(a)(2) focuses on the requirements for a petition, and the Board may appropriately rely on a party's good-faith listing of real parties-in-interest as fully satisfying § 312(a)(2), particularly where no time-bar or estoppel issues are in play. *See Worlds*, 903 F.3d at 1245.

In short, *SharkNinja*, by its own terms, does not affect the rights or obligations of any party and, thus, is not a substantive rule that would have required notice-and-comment rulemaking. *See Chestek*, 92 F.4th at 1109.[5]

---

[5] Because *SharkNinja* is not a substantive rule, the non-majority opinions Dolby cites do not bear on the analysis here. *See* Dolby's Br. 27. Those opinions addressed whether certain substantive agency decisions were entitled to *Chevron* deference, which is not at issue in this case. *See Aqua Prod., Inc. v. Matal*, 872 F.3d 1290, 1335–36, 1338 (Fed. Cir. 2017) (Reyna, J., concurring in result); *Facebook, Inc. v. Windy City Innovations, LLC*, 973 F.3d 1321, 1347–54 (Fed. Cir. 2020) (additional views of Prost, C.J., Plager, J., and O'Malley, J.).

Dolby emphasizes that *SharkNinja* is binding on Board panels, despite having taken a different view before the Board. *Compare* Dolby's Br. 26, *with* Appx3586.[6] Regardless, whether *SharkNinja* is binding does not necessarily dictate whether it is a substantive rule. This Court rejected a similar argument in *Splane v. West*, 216 F.3d 1058, 1062–64 (Fed. Cir. 2000). There, the petitioners challenged the validity of a precedential opinion issued by the general counsel of the Department of Veterans Affairs, arguing it was a legislative rule that required notice-and-comment rulemaking. *Id.* In particular, the petitioners argued that "any agency rule that is binding on an agency tribunal" is "legislative in nature." *Id.* at 1064 (emphasis omitted). This Court disagreed and upheld the decision as an interpretive rule that did not require notice-and-comment rulemaking. *Id.*

Dolby briefly suggests that all standards governing IPRs must be "substantive rules" that require notice-and-comment rulemaking. Dolby's Br. 24–25. To the extent Dolby's position is that *substantive* rules must be promulgated via notice and comment, as discussed above, *SharkNinja* is simply not a substantive rule. To the extent that Dolby is suggesting that the Director cannot do anything *other than* issue substantive rules (i.e., that the agency cannot establish procedural rules), Dolby cites

---

[6] In its Preliminary Response before the Board, Dolby argued that "*SharkNinja* does not *require* that the Board ignore the RPI issue, and the Board should not do so here . . . ." Appx3586 (emphasis in original).

no authority for that novel position. Meanwhile, Supreme Court precedent permits an agency to issue interpretive rules, even where the relevant statute directs the agency to promulgate regulations. *See Shalala v. Guernsey Mem'l Hosp.*, 514 U.S. 87, 91–92, 96–97, 99–102 (1995) (allowing the agency to use both adjudication and a Provider Reimbursement Manual issued without notice-and-comment rulemaking to address details left unaddressed by the agency's regulations).

In sum, the premise of Dolby's challenge, i.e., that *SharkNinja* is a substantive rule, is simply incorrect. *SharkNinja* does not affect any party's rights. It is simply a correct statement of jurisprudential efficiency: tribunals need not (and should not) provide advisory opinions on issues that have no impact on the case at hand. *SharkNinja* is more akin to a "rule[] of agency organization, procedure, or practice," § 553(b)(A), because it "covers agency actions that do not themselves alter the rights or interests of parties." *See Am. Fed'n of Lab. & Cong. of Indus. Orgs. v. Nat'l Lab. Rels. Bd.*, 57 F.4th 1023, 1034 (D.C. Cir. 2023) (quoting *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 280 (D.C. Cir. 2000)); *see also Am. Hosp. Ass'n v. Bowen*, 834 F.2d 1037, 1047 (D.C. Cir. 1987) ("The distinctive purpose of § 553's third exemption, for 'rules of agency organization, procedure or practice,' is to ensure 'that agencies retain latitude in organizing their internal operations.'" (quoting *Batterton v. Marshall*, 648 F.2d 694, 707 (D.C. Cir. 1980))). Because "interpretative

rules, general statements of policy, or rules of agency organization, procedure, or practice" do not require "the formalities of notice-and-comment," *Chestek*, 92 F.4th at 1109, the agency was not required to provide notice and an opportunity to comment before making *SharkNinja* precedential.

**B.    The Court need not address whether notice-and-comment rulemaking would have been required because, regardless, the lack of such procedures here is harmless.**

Dolby bears the burden of demonstrating some prejudice it suffered by the lack of notice-and-comment procedures, and it has failed to show any such prejudice here. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Pfizer Inc. v. Sanofi Pasteur Inc.*, --- F.4th ---, No. 19-1871, 2024 WL 925802, at *8 (Fed. Cir. Mar. 5, 2024) (precedential) (noting "[appellant] has not shown such prejudice here"). Thus, even if notice and comment were called for, the lack of such procedures here was harmless. *See Pfizer*, 2024 WL 925802, at *8 (rejecting as harmless a party's argument that USPTO's lack of notice-and-comment rulemaking violated the APA); *City of Arlington v. FCC*, 668 F.3d 229, 243 (5th Cir. 2012) (declining to decide whether the FCC was required to use notice-and-comment rulemaking where "any failure by the FCC to comply with the APA

in this case was harmless"); *see also* 5 U.S.C. § 706 (requiring that "due account shall be taken of the rule of prejudicial error" when reviewing agency action).

No harm exists because *SharkNinja* is simply a correct statement of the well-established principle that a tribunal need not address arguments that have no impact on the case before it. *Cf. UCB, Inc. v. Actavis Lab'ys UT, Inc.*, 65 F.4th 679, 689 (Fed. Cir. 2023) ("Because we affirm the judgment of invalidity on the first ground of obviousness, we do not reach the second ground."); *Beloit Corp. v. Valmet Oy*, 742 F.2d 1421, 1423 (Fed. Cir. 1984) (affirming International Trade Commission's approach of deciding case on a single issue where that approach "can not only save the parties, the Commission, and this court unnecessary cost and effort, it can greatly ease the burden" on an agency that is "required by statute to reach its conclusion within rigid time limits"). This is hardly different, for instance, from a situation in which a petitioner raises two invalidity grounds in its petition, the Board finds one of those grounds sufficient to invalidate the claims, and so the Board declines to address the second invalidity ground because doing so would have no effect on the Board's ultimate judgment. *See, e.g.*, *Offshore Technical Compliance LLC v. Innovative Pressure Testing, LLC*, IPR2020-00923, Paper 43 at 59–60 (PTAB Oct. 28, 2021) (declining to reach alternative invalidity grounds after determining all claims invalid based on another ground).

The very reasoning underlying *SharkNinja* demonstrates the lack of prejudice here: *SharkNinja* applies when the RPI determination would not change anything in the case, i.e., where an RPI determination "would not create a time bar or estoppel under 35 U.S.C. § 315." *SharkNinja*, IPR2020-00734, Paper 11 at 18. Thus, Dolby cannot establish that is has suffered any harm here.

In this jurisprudential context, "testing [a] rule through public comment and the development of an administrative record [is] unnecessary" because nothing about the notice-and-comment process could change the fact that, under the circumstances outlined in *SharkNinja*, deciding the RPI issue would have no impact on a final written decision. *Cf. United States v. Reynolds*, 710 F.3d 498, 518 (3d Cir. 2013) (noting that "[t]here is no harm" from a lack of notice and comment where "the conclusion reached in the administrative rule was the only possible conclusion"); *Sheppard v. Sullivan*, 906 F.2d 756, 762 (D.C. Cir. 1990) (holding an agency's failure to provide notice and comment harmless and explaining that the challenging party "could not have been harmed by the absence of public participation" because "the agency's approach [was] the only reasonable one").

The fact that no public comment process could have changed the reality that the RPI issue has no impact on the judgment distinguishes this case from one like *Mid Continent Nail Corp. v. United States*, 846 F.3d 1364, 1383–85 (Fed. Cir. 2017).

In *Mid Continent Nail*, the Department of Commerce had withdrawn a regulation about how a party's dumping margin would be calculated without using notice and comment procedures, and there was "considerable uncertainty as to the effect of [the] failure" to provide notice and an opportunity for comment. *Id.* at 1368, 1384. There, the Court rejected an argument that an agency's failure to provide notice-and-comment procedures was harmless, noting that the "absence of notice-and-comment rulemaking and the resulting thin or nonexistent record make it difficult for a reviewing court to conclude with certainty that no prejudice has ensued." *Id.* at 1384. Thus, the Court indicated that "even a minimal showing of prejudice" may be sufficient due to the "uncertainty" regarding the effect of not having gone through notice-and-comment procedures. *Id.* (quoting *Sugar Cane Growers Co-op. of Fla. v. Veneman*, 289 F.3d 89, 96 (D.C. Cir. 2002)). Here, there is no uncertainty: in the circumstances described in *SharkNinja*—where there is no § 315(b) time-bar or § 315(e) estoppel alleged—the RPI determination simply does not impact the Board's ultimate judgment whatsoever. Thus, Dolby cannot even raise "a minimal showing of prejudice" to show why any purported procedural violation would not have been harmless. *See Mid Continent Nail*, 846 F.3d at 1384.

The lack of harm is further evident because the Board panel in this case could have taken the exact same approach—declining to address issues not before it—

regardless of the *SharkNinja* guidance. *See* 37 C.F.R. § 42.1(b) (emphasizing "the just, speedy, and inexpensive resolution of every proceeding"). While the Board's Final Written Decision cites *SharkNinja*, its ultimate decision not to address whether non-parties were RPIs was based on the facts of this particular case. *See* Appx4–5. The Board explained that "[i]n the present proceeding, there is no allegation that Petitioner's exclusion of the Alleged RPIs should result in termination of the proceeding for any reason other than for the alleged failure of jurisdiction," and that "there is no allegation or evidence that any of the Alleged RPIs is barred or estopped from this proceeding, or that Petitioner purposefully omitted any of the Alleged RPIs to gain some advantage in our forum." Appx5. Based on those case-specific facts, the Board "decline[d] to make the requested determination." Appx5. There is no indication that the Board would have acted differently had *SharkNinja* not been in existence.

In short, Dolby has not even attempted to show any prejudice based on the lack of notice and an opportunity to comment here. The Court should, therefore, decline to address this issue because any alleged error was harmless.

**IV.    The Board acted within its discretion in sealing Unified's confidential business records.**

Dolby also challenges the Board's decision to seal certain confidential information, yet never explains (1) what information it seeks to have unsealed; or (2) why the Board's decision constituted an abuse of discretion.

The Court should reject Dolby's argument for the simple reason that Dolby has not identified what particular information it seeks to have unsealed. *See Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1385 (Fed. Cir. 1998) (citing Fed. R. App. P. 28(a)(6)). During the *inter partes* review proceeding, Unified filed Petitioner's Motion to Seal, asking the Board to seal certain sensitive, confidential information about Unified and some of its members. *See* Appx4677–4691. Unified identified each document it sought to be sealed and briefed thoroughly the grounds for protecting each. Appx4677–4691. In the Final Written Decision, the Board granted Unified's motion, finding that it was "persuaded by Petitioner's contentions that the balance of factors favors granting the sealing request." Appx35. In addition to the reasons outlined in Unified's motion, the Board admonished that "the desire of internal employees of one party to access confidential information of another is not reflective of the strong public interest in an open record." Appx35. Further, because the Board "did not reach the issue of whether the Alleged RPIs were real parties in interest," "the public interest is not hampered by closing the record on the

portions of the record that argued this issue." Appx35. Nonetheless, "[i]n view of the strong public interest in an open record," the Board did not allow for wholesale protection of the relevant materials, requiring instead that the parties submit redacted versions of papers or exhibits to narrowly restrict the sealing to truly confidential portions of the materials. Appx35.

On appeal, Dolby launches a general, sweeping attack on the Board's grant of the motion to seal but fails to identify any specific abuse of discretion in the Board's ruling. Dolby's arguments fall far short of showing an abuse of discretion by the Board. *Apple*, 727 F.3d at 1221–22 (applying abuse of discretion standard to Board's balancing of competing interests of the public and the party seeking to protect the information); *see also Jazz Photo Corp. v. United States*, 439 F.3d 1344, 1358 (Fed. Cir. 2006) (finding International Trade Commission did not abuse its discretion in entering a protective order and shielding certain confidential information regarding defendant's business operations from disclosure to the public).

Here, Dolby concedes it is not seeking to have Unified's financial information unsealed. Dolby's Br. 31. Yet, Dolby does not expressly articulate what it does seek to unseal. Instead, Dolby appears to raise a broad attack against the Board's decision generally, which it cannot do. To raise an issue on appeal, an appellant must identify specific deficiencies in the Board's analysis and explain, under the appropriate

standard of review, why the Board's decision should be dislodged. *See Graphic Controls*, 149 F.3d at 1385 (citing Fed. R. App. P. 28(a)(6)). "[M]erely stating disagreement with the [tribunal of first resort] does not amount to a developed argument." *Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1341 (Fed. Cir. 2006) (holding arguments waived where a party "failed to develop its arguments"); *cf. Monarch Life Ins. Co. v. Elam*, 918 F.2d 201, 203 (D.C. Cir. 1990) ("[V]ague, arguable references to [a] point in the district court proceedings do not preserve the issue on appeal."). Dolby's broad attack fails to identify any specific information that it believes should not be sealed and, thus, fails to specifically identify what aspects of the Board's decision it disputes. That alone is sufficient to reject Dolby's challenge to the Board's decision to seal. *See Monsanto*, 459 F.3d at 1341 (holding Court cannot reach the merits of an issue not adequately developed on appeal); *Gelb v. Dep't of Veterans Affairs*, No. 23-1157, 2023 WL 3493702, at *7 n.6 (Fed. Cir. May 17, 2023) (non-precedential) (rejecting arguments not adequately developed in opening appeal brief).

At most, Dolby vaguely refers to two sealed email communications. *See* Dolby's Br. 30–31. But the alleged public interest that Dolby identifies as to why those documents should be unsealed is already satisfied because Dolby's brief itself purports to summarize the contents of those communications. *See id.* Dolby has not

explained on appeal why anything else from those documents should be disclosed. *See id.*

Indeed, following a familiar theme, Dolby's arguments for unsealing (vague as they are) also fail to address the lack of relevance of the sealed documents to any substantive issue in the underlying IPR proceeding. In fact, Dolby skirts the fundamental basis the Board gave for maintaining the records under seal: that a public interest in un-sealing information simply does not exist here because the Board *did not address* the real party-in-interest dispute. Thus, "the public interest is not hampered by closing the record on the portions of the record that argued this issue." Appx35; *cf. Apple*, 727 F.3d at 1222–23 ("Indeed, evidence which a trial court rules inadmissible—either as irrelevant or inappropriate—seems particularly unnecessary to the public's understanding of the court's judgment.").

Dolby generally contends that the Board should have made express findings based on a four-part test articulated in *Argentum Pharms. LLC v. Alcon Rsch., Ltd.*, IPR2017-01503, Paper 27 at 3 (PTAB Jan. 19, 2018), which is an informative Board decision. While informative Board decisions provide "guidance on Board rules and practices," they are not binding on Board panels. *See* Standard Operating Procedure 2 (Rev. 11) at 3. Dolby has not explained why it was an abuse of discretion for the Board to focus its analysis on "the balance of factors," and particularly the

fact that there is no public interest in viewing portions of the record that had no bearing on the issues decided by the Board. *See* Appx34–35.

Accordingly, to the extent the Court reaches this issue, the Board's decision should be affirmed.

## CONCLUSION

For the reasons above, Unified respectfully requests that the Court dismiss Dolby's appeal in its entirety. Alternatively, Unified asks the Court to affirm the Board's decision not to address Dolby's argument that certain non-parties should have been named as real parties-in-interest and the decision to grant Unified's motion to seal.

Unified further requests such additional relief to which it may be entitled.

Respectfully Submitted,

HAYNES AND BOONE, LLP

*/s/ Debra J. McComas*
Debra J. McComas
David L. McCombs
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Phone: (214) 651-5375
*Debbie.McComas@haynesboone.com*

Raghav Bajaj
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Phone: (512) 867-8520
*Raghav.Bajaj@haynesboone.com*

Angela M. Oliver
Adam L. Erickson
800 17th Street NW, Suite 500
Washington, D.C. 20006
Phone: (202) 654-4552
*Angela.Oliver@haynesboone.com*
*Adam.Erickson@haynesboone.com*

**UNIFIED PATENTS, LLC**
Roshan Mansinghani
Jessica Leann Andersen Marks
4445 Willard Ave., Ste. 600
Chevy Chase, MD 20815
Phone: (214) 945-0200
*Roshan@unifiedpatents.com*
*Jessica@unifiedpatents.com*

**Attorneys for Appellee, Unified Patents, LLC**

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of FED. CIR. R. 32(b)(1) because:

■      this brief contains **10,587** words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f) and FED. CIR. R. 32(b)(2).

2.      This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because:

■      this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Equity font.

*/s/ Debra J. McComas*
Debra J. McComas