No. 23-2110

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

————————

DOLBY LABORATORIES LICENSING CORPORATION,

*Appellant*

v.

UNIFIED PATENTS, LLC,

*Appellee*

COKE MORGAN STEWART, Acting Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,

*Intervenor*

————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board, *Inter Partes* Review No. 2021-00275

————————

## COMBINED PETITION FOR PANEL AND *EN BANC* REHEARING OF APPELLANT DOLBY LABORATORIES LICENSING CORPORATION

————————

Kayvan B. Noroozi
Noroozi PC
11601 Wilshire Blvd., Suite 2170
Los Angeles, CA 90025
310.975.7074
kayvan@nooozipc.com

Richard A. Epstein
16 Thomas Place
Norwalk, CT 06853
773.450.4476
raepstein43@gmail.com

*Counsel for Appellant*

## CERTIFICATE OF INTEREST

Counsel for Dolby Laboratories Licensing Corporation certifies that:

1.      The full name of every party represented by me is: Dolby Laboratories Licensing Corporation.

2.      The name of the real party in interest represented by me is: Dolby Laboratories, Inc.

3.      The full names of all parent corporations for the entities and all publicly held companies that own 10 percent or more of the stock of the party represented by me is: Dolby Laboratories, Inc. (a Delaware corporation) and its subsidiary Dolby Laboratories, Inc. (a California corporation).

4.      The names of all law firms and the partners or associates who appeared for Appellant before the United States Patent and Trademark Office, or are expected to appear in this Court (and who have not or will not enter an appearance in this case), are: Walter Karl Renner, Nicolas Stephens, Indranil Sarkar, and Christopher Green of FISH & RICHARDSON P.C.

5.      The following cases could affect or be affected by this appeal: None.

6.      Counsel has no information to provide pursuant to Rule 47.4(a)(6) and 26.1(b) and (c) as this is not a criminal or bankruptcy case.

Dated:  August 20, 2025            By:        */s/ Kayvan B. Noroozi*

                                                            Kayvan B. Noroozi

i

## TABLE OF CONTENTS

INTRODUCTION AND POINTS OF LAW AND FACT MISAPPREHENDED OR OVERLOOKED ............................................................................. 1

ARGUMENT ............................................................................................... 6

I.    The panel's holding that public disclosure is not a purpose of the AIA is contradicted by the statute and Supreme Court precedent ......................... 6

II.    The panel imposed improper informational standing requirements that are contrary to its own precedents and Supreme Court precedent, and that create circuit splits.................................................................. 8

III.    The panel's holding that Section 314(d) bars review of this appeal conflicts with Supreme Court precedents and this Court's precedents........ 10

IV.    The panel imposed an improper standard for establishing injury in fact that conflicts with Supreme Court and other circuit precedents .................. 14

CONCLUSION ......................................................................................... 16

## TABLE OF AUTHORITIES

### Cases

*Applications in Internet Time, LLC v. RPX Corp.*,
    897 F.3d 1336 (Fed. Cir. 2018) ................................................................ 6, 15

*Atlanta Gas Light Co. v. Bennett Regul. Guards, Inc.*,
    33 F.4th 1348 (Fed. Cir. 2022) .................................................................. 11

*Campaign Legal Ctr. & Democracy 21 v. FEC*,
    952 F.3d 352 (D.C. 2020) ................................................................ 2, 14, 16

*Citizens for Responsibility & Ethics in Wash. v. OMB*,
    2025 U.S. Dist. LEXIS 138899 (D.D.C. July 21, 2025) ............................ 4, 9

*Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*,
    77 F.4th 679 (D.C. Cir. 2023) ..................................................................... 5, 9

*Dolby Laboratories Licensing Corp. v. Unified Patents, LLC*,
    138 F.4th 1363 (Fed. Cir. 2025) ............................................................. passim

*Env't Def. Fund v. EPA*,
    922 F.3d 446 (D.C. Cir. 2019) ................................................................... 5, 9

*ESIP Series 2, LLC v. Puzhen Life USA, LLC*,
    958 F.3d 1378 (Fed. Cir. 2020) ............................................................. 10, 13

*Facebook v. Windy City*,
    973 F.3d 1321 (Fed. Cir. 2020) ..................................................................... 13

*FEC v. Akins*,
    524 U.S. 11 (1998) ........................................................................................ 7, 8

*Intelligent Bio-Systems, Inc. v. Illumina Cambridge, Ltd.*,
    821 F.3d 1359 (Fed. Cir. 2016) ............................................................. 2, 10

*Intuitive Surgical v. Ethicon*,
    25 F. 4th 1035 (Fed. Cir. 2022) ..................................................................... 13

*Koninklijke Philips N.V. v. Google LLC*,
    948 F.3d 1330 (Fed. Cir. 2020) ................................................................. 2, 9

*Law v. Siegel*,

571 U.S. 415, 134 S. Ct. 1188 (2014) .................................................. 2

*Medtronic, Inc. v. Robert Bosch Healthcare Sys.*,

    839 F.3d 1382 (Fed. Cir. 2016) .................................................... 12

*NRDC, Inc. v. EPA*,

    961 F.3d 160 (2d Cir. 2020) ............................................... 3, 14, 16

*Public Citizen v. U.S. Dep't. of Justice*,

    491 U.S. 440 (1989) ......................................................... 5, 6, 8, 9

*Qualcomm Inc. v. Apple Inc.*,

    134 F.4th 1355 (Fed. Cir. 2025) ................................................. 13

*SAS Inst. v. Iancu*,

    584 U.S. 357 (2017) ...................................................... 4, 9, 10, 12

*SIPCO, LLC v. Emerson Elec. Co.*,

    980 F.3d 865 (Fed. Cir. 2020) ............................................... 10, 13

*Synopsys, Inc. v. Mentor Graphics. Corp.*,

    814 F.3d 1309 (Fed. Cir. 2016) .................................................... 1

*TransUnion v. Ramirez*,

    594 U.S. 413 (2021) ...................................................... 5, 6, 14, 16

*Thryv, Inc. v. Click-to-Call Techs., LP*,

    590 U.S. 45 (2020) ........................................................... 12, 13

*Uniloc 2017 v. Facebook*,

    989 F.3d 1018 (Fed. Cir. 2021) .................................................. 13

*Verify Smart Corp. v. Askeladden, L.L.C.*,

    824 F. App'x 1015 (Fed. Cir. 2020) .............................................. 12

*Wasica Fin. GmbH v. Cont'l Auto. Sys.*,

    853 F.3d 1272 (Fed. Cir. 2017) .................................................... 2

**Statutes**

35 U.S.C. § 24 ......................................................................... 15

35 U.S.C. § 312 ................................................................... passim

35 U.S.C. § 314 ................................................................... passim

iv

35 U.S.C. § 316 ................................................................................... 8

35 U.S.C. § 318 .............................................................................. 4, 9

**Regulations**

37 C.F.R. § 42.51 ............................................................................. 15

37 C.F.R. § 42.52 ............................................................................. 15

37 C.F.R. § 42.8 .............................................................................. 11

### STATEMENT OF COUNSEL UNDER RULE 40(C)

Based on my professional judgment, I believe the panel decision is contrary to the following decision(s) of the Supreme Court of the United States or the precedent(s) of this court:

- *Law v. Siegel*, 571 U.S. 415, 427, 134 S. Ct. 1188, 1198 (2014) ("it is not for courts to alter the balance struck by the statute.");

- *Koninklijke Philips N.V. v. Google LLC*, 948 F.3d 1330, 1335 (Fed. Cir. 2020) (recognizing that Section 312(a) provides a patent owner with information rights it may enforce on appeal); *Intelligent Bio-Systems, Inc. v. Illumina Cambridge, Ltd.*, 821 F.3d 1359, 1369 (Fed. Cir. 2016) (same);

- *SAS Inst. v. Iancu*, 584 U.S. 357 (2017) (enforcing the right of patent owners and petitioners under 35 U.S.C. § 318(a) even though that right only exists in the context of IPR proceedings and is not accompanied by any special statutory cause of action, contrary to the panel's decision in this appeal);

- *Public Citizen v. U.S. Dep't. of Justice*, 491 U.S. 440, 449-50 (1989) (finding informational standing even though the underlying statute did not provide a private cause of action);

- *Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336, 1349-50 (Fed. Cir. 2018) ("*AIT*") (recognizing that the "function" of the rule against unnamed real parties in interest is "to protect the defendant against a

subsequent action" and "to ensure that the judgment will have proper res judicata effect," all of which "applies with equal force in the IPR context");

- *TransUnion v. Ramirez*, 594 U.S. 413, 442-43 (2021) (explaining that a demonstration that "the alleged information deficit **hindered** [the plaintiffs'] ability to correct erroneous information before it was later sent to third parties" would have sufficed to show injury in fact for informational standing) (emphasis added);

- *Thryv, Inc. v. Click-to-Call Techs., LP*, 590 U.S. 45, 58 (2020); *SAS Inst. v. Iancu*, 584 U.S. 357 (2017); *Qualcomm Inc. v. Apple Inc.*, 134 F.4th 1355, 1361-64 (Fed. Cir. 2025); *Facebook v. Windy City*, 973 F.3d 1321, 1332 (Fed. Cir. 2020); *Uniloc 2017 v. Facebook*, 989 F.3d 1018, 1027 (Fed. Cir. 2021); *Intuitive Surgical v. Ethicon*, 25 F. 4th 1035, 1040 (Fed. Cir. 2022) (all holding that Section 314(d) does not bar an appellate challenge to the Board's post-institution conduct of the proceeding and its violation of a party's statutory rights in that context, contrary to the panel's decision in this appeal).

Based on my professional judgment, I believe this appeal requires an answer to one or more precedent setting questions of exceptional importance:

1. Does the AIA create informational rights?

2. Does a patent owner faced with a petition for *inter partes* review have a right to know the identities of all real parties in interest to the petition?

3. Does informational standing require a right that does not only arise in the context of IPR proceedings?

4. Does informational standing require a special statutory cause of action?

5. Does 35 U.S.C. § 314(d) bar judicial review of the Board's refusal to enforce a patent owner's informational right under § 312(a)(2) as part of the Board's final written decision?

6. Does establishing an injury in fact from the violation of a patent owner's right to information under § 312(a)(2) require evidence that the patent owner "will be *barred* from asserting estoppel" against the disputed real parties in interest in a future proceeding, or is it sufficient to show that the patent owner would be hindered in attempting to establish estoppel in such a future proceeding, as Dolby demonstrated?

Dated:  August 20, 2025       By:            */s/ Kayvan B. Noroozi*
                                                    Kayvan B. Noroozi

## Introduction and Points of Law and Fact Misapprehended or Overlooked

Does a patent owner faced with a petition for *inter partes* review have a right to know the identities of all real parties in interest to the petition?

Congress said yes: "A petition . . . may be considered ***only if*** . . . the petition identifies ***all*** real parties in interest." 35 U.S.C. § 312(a)(2) (emphasis added); § 312(a)(5) (further requiring disclosure to the patent owner).

But in the appeal below, the panel said no. *Dolby Laboratories Licensing Corp. v. Unified Patents, LLC*, 138 F.4th 1363, 1367 (Fed. Cir. 2025) (precedential) ("We [ ] hold the AIA does not create an informational right.").

The panel's decision requires rehearing because it conflicts with Congress's mandate, the Federal Circuit's own precedents, precedents from other circuits, and Supreme Court precedents.

***First***, the decision contradicts the statutory text and disrupts the "delicate balance" Congress set forth in the America Invents Act ("AIA"). *Synopsys, Inc. v. Mentor Graphics. Corp.*, 814 F.3d 1309, 1327 (Fed. Cir. 2016). As part of that delicate balance, Congress provided patent owners and the public certain informational rights, including the right to know ***who*** is behind the petition, 35 U.S.C. § 312(a)(2), and ***what*** issues the petition presents. § 312(a)(3), § 312(a)(5) (requiring disclosure to patent owners), § 312(b) (requiring disclosure to the public). The panel's decision denies patent owners the informational rights

1

Congress granted to them under § 312, and disrupts the larger balance of the AIA. *Law v. Siegel*, 571 U.S. 415, 427, 134 S. Ct. 1188, 1198 (2014) ("it is not for courts to alter the balance struck by the statute.").

**Second**, the decision conflicts with this Court's own precedents. This Court has recognized that Section 312(a) does give patent owners a right to information, which they may enforce before the Board and on appeal. *See, e.g., Koninklijke Philips N.V. v. Google LLC*, 948 F.3d 1330, 1335 (Fed. Cir. 2020) (holding that the Board violated patent owner's rights under § 312(a)(3) by conducting the proceeding based on a combination of prior art references not disclosed in the petition); *Intelligent Bio-Systems, Inc. v. Illumina Cambridge, Ltd.*, 821 F.3d 1359, 1369 (Fed. Cir. 2016) (holding that enforcement of the disclosure requirement of § 312(a)(3) is "of the utmost importance"). The panel's broad holding that "the AIA does not create an informational right," *Dolby*, 138 F.4th at 1367, conflicts with this Court's precedents enforcing patent owner's informational rights under § 312(a)(3). *See, e.g., Wasica Fin. GmbH v. Cont'l Auto. Sys.*, 853 F.3d 1272, 1286-87 (Fed. Cir. 2017) (holding that Section 312(a)(3) precludes a petitioner from pursuing theories "absent from the petition").

**Third**, the panel's decision creates a circuit split with the D.C. Circuit and Second Circuit, and disrupts "settled law." *Campaign Legal Ctr. & Democracy 21 v. FEC*, 952 F.3d 352, 356 (D.C. 2020) ("The law is settled that a denial of access

2

to information qualifies as an injury in fact where a statute (on the claimants'
reading) requires that the information be publicly disclosed and there is no reason
to doubt their claim that the information would help them."); *NRDC, Inc. v. EPA*,
961 F.3d 160, 169 (2d Cir. 2020) (quoting and adopting same). Contrary to the
panel's decision, providing public access to information regarding all real parties
in interest to each petition **is** one of the express purposes of the AIA. *Cf. Dolby*,
138 F.4th at 1366-67 (incorrectly contrasting AIA with FACA and FECA on that
basis). To that end, Section 312(b) requires that the Director make the entire
petition—including the comprehensive real party in interest identification required
under § 312(a)(2)—available to the public. 35 U.S.C. § 312 (b). Other provisions
also require public disclosure of the record, § 316(a)(1), and the institution
decision, § 314(c). The panel's decision misapprehended or overlooked these
aspects of the AIA and Dolby's express briefing on that issue. Yellow Br. 7.
Moreover, Dolby demonstrated that the information it seeks would help it "to
enforce its estoppel rights against Unified's [real parties in interest] in a future
proceeding." Yellow Br. 12-13. The panel's decision did not address and thus
either misapprehended or overlooked that showing. The panel's decision thus
cannot be reconciled with the holdings of the D.C. Circuit and Second Circuit that
depriving a party of helpful information to which it has a statutory right constitutes
an injury in fact.

3

*Fourth*, the panel's decision conflicts with the Supreme Court's decision in *SAS Inst. v. Iancu*, 584 U.S. 357 (2017). The panel's decision holds that patent owners lack standing to enforce rights that "only arise[ ] in the context of IPR proceedings," and for which Congress did not "creat[e] a special statutory cause of action[.]" *Dolby*, 138 F.4th at 1367. But in *SAS Institute*, the Supreme Court enforced the right of patent owners and petitioners to a final written decision as to all challenged claims—a right that only exists in the context of IPR proceedings under 35 U.S.C. § 318(a) and for which Congress did not create any special statutory cause of action. *SAS Inst.*, 584 U.S. at 371 ("Because everything in the statute before us confirms that SAS is entitled to a final written decision addressing all of the claims it has challenged and nothing suggests we lack the power to say so, the judgment of the Federal Circuit is reversed[.]"). As *SAS Institute* makes clear, either party to an *inter partes* review may enforce the rights Congress granted to it, even on appeal, regardless of whether those rights arise only in the context of IPR proceedings or lack a special statutory cause of action.

Indeed, the panel decision's requirement of a "special statutory cause of action" as a predicate for a statutory right to information creates a further circuit split with the D.C. Circuit and also conflicts with broader Supreme Court precedent. *See Citizens for Responsibility & Ethics in Wash. v. OMB*, 2025 U.S. Dist. LEXIS 138899, at *32-34 (D.D.C. July 21, 2025) ("The Court concludes that

4

the lack of an express private right of action in the 2022 and 2023 Acts is not fatal to Plaintiffs' claim that they have informational standing."); *id.* ("Rather, courts have concluded that plaintiffs have informational standing where, as here, the underlying statute did not include a private right of action.") (citing *Public Citizen v. U.S. Dep't. of Justice*, 491 U.S. 440, 449-50 (1989); *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 77 F.4th 679, 686 (D.C. Cir. 2023); *Env't Def. Fund v. EPA*, 922 F.3d 446, 440 (D.C. Cir. 2019)).

**Fifth**, the panel's decision significantly heightened the standard for showing an injury in fact in informational standing cases, conflicting with Supreme Court precedent. The panel held that Dolby could not establish an injury in fact because Dolby did not prove it would be "***barred*** from asserting estoppel against the Alleged RPIs in hypothetical future litigation." *Dolby*, 138 F.4th 1368 (emphasis added). But the Supreme Court has recognized it is enough to show that the informational injury would merely "***hinder***" Dolby's future interests. *TransUnion v. Ramirez*, 594 U.S. 413, 442-43 (2021) (stating that showing that "the alleged information deficit hindered [plaintiffs'] ability to correct erroneous information before it was later sent to third parties" would suffice to establish injury in fact). Dolby demonstrated that the informational injury here hinders its ability to enforce its estoppel rights in future proceedings, and exposes it to unwarranted future cost and expense. Yellow Br. 12-13; *see also* Section IV, *supra*. Dolby also explained

5

that its injury is of the very kind Section 312(a)(2) was designed to protect against. Yellow Br. 13 (citing *Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336, 1349-50 (Fed. Cir. 2018) (explaining that the "function" of the rule against unnamed real parties in interest is "to protect the defendant against a subsequent action" and "to ensure that the judgment will have proper res judicata effect," all of which "applies with equal force in the IPR context[.]")). Dolby thus established an injury in fact under Supreme Court precedent. The panel's decision imposing a far higher requirement is contrary to *TransUnion*, and requires rehearing.

ARGUMENT

## I.    The panel's holding that public disclosure is not a purpose of the AIA is contradicted by the statute and Supreme Court precedent

To conclude that Section 312(a)(2) does not grant patent owners a right to information, the panel decision compared the America Invents Act to the statutes at issue in two informational standing cases from the Supreme Court. *Dolby*, 138 F.4th at 1366-67. The panel observed that in *Pub. Citizen v. Dep't of Just.*, 491 U.S. 440, 446-47 (1989), the Federal Advisory Committee Act ("FACA") required that "advisory committee minutes, records, and reports be made publicly available." *Dolby*, 138 F.4th at 1366-67. The panel further noted that in *FEC v. Akins*, 524 U.S. 11, 14-15, 20 (1998), the Federal Election Campaign Act ("FECA") required "political committees to disclose detailed reports of donors, contributions, and expenditures." *Dolby*, 138 F.4th at 1367.

6

The panel acknowledged that in both *Public Citizen* and *FEC v. Akins*, allowing "public access to certain information" was only "***[o]ne*** of the express purposes of FACA and FECA," *Dolby*, 138 F.4th at 1367, thus recognizing that informational standing does not require that public disclosure be the ***only*** purpose of the statute at issue.

But when addressing the America Invents Act, the panel found that "***the purpose*** of the AIA is to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Id.* (emphasis added; internal citations and quotations omitted). The panel implied, without expressly stating, that unlike FECA and FACA, providing "public access to certain information" is not even ***one*** purpose of the AIA. The panel then concluded, at least partly on that basis, that "the AIA does not create an informational right." *Id.*

The panel's reasoning and its conclusion were incorrect. Section 312(b) of the AIA expressly requires public disclosure of the information specified in Section 312(a), including the identity of all real parties in interest. *See* 35 U.S.C. § 312(b). Section 314(c) likewise requires public disclosure of the institution decision, and Section 316(a) requires public disclosure of the record.

As with FECA and FACA, providing public access to certain information— including the specific information at issue in this appeal—is ***one*** express statutory

purpose of the AIA. The panel's finding that the AIA also has *other* purposes is beside the point. *Public Citizen*, 491 U.S. at 446 (holding plaintiffs had informational standing despite expressly finding that FACA had numerous purposes beyond public disclosure of information, including limiting the number of new advisory committees, terminating them "when they have outlived their lives," and providing "uniform standards and procedures" for their operation). Thus, as in *Public Citizen* and *Akins*, the AIA *does* create an informational right. Dolby's briefing explained that fact before the panel, and the panel either misapprehended or overlooked that point. Yellow Br. 7.

## II.    The panel imposed improper informational standing requirements that are contrary to its own precedents and Supreme Court precedent, and that create circuit splits

The panel decision next reasoned that patent owners do not have standing to enforce Section 312(a)(2) because any right under that section "only arises in the context of IPR proceedings" such that "there is no freestanding right to that information" and no "special statutory cause of action[.]" *Dolby*, 138 F.4th at 1367.

In *SAS Inst. v. Iancu*, however, the Supreme Court allowed a party to an *inter partes* review to enforce its right under Section 318(a) of the AIA even though that right (1) only arose in the context of an IPR proceeding, (2) there was no special statutory cause of action. *SAS Inst. v. Iancu*, 584 U.S. 357, 371 (2017).

8

And in *Public Citizen*, the Supreme Court held that plaintiffs had informational standing even though the statutory provision at issue only arose in the context of advisory committee minutes, records, and reports, and there was also no statutory cause of action. 491 U.S. at 446.

Thus, "courts have concluded that plaintiffs have informational standing where, as here, the underlying statute did not include a private right of action." *Citizens for Responsibility & Ethics in Wash. v. OMB*, 2025 U.S. Dist. LEXIS 138899, at *32-34 (D.D.C. July 21, 2025) (citing *Public Citizen v. U.S. Dep't. of Justice*, 491 U.S. 440, 449-50 (1989); *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 77 F.4th 679, 686 (D.C. Cir. 2023); *Env't Def. Fund v. EPA*, 922 F.3d 446, 440 (D.C. Cir. 2019)).

Moreover, this Court's own precedents have recognized that Section 312(a), specifically Section 312(a)(3), gives patent owners a right to information that they may enforce on appeal by limiting the scope of an IPR proceeding to the claims, grounds, and theories disclosed in the petition. *See, e.g., Koninklijke Philips N.V. v. Google LLC*, 948 F.3d 1330, 1335 (Fed. Cir. 2020) (holding that the Board violated patent owner's rights under § 312(a)(3) by conducting the proceeding based on a combination of prior art references not disclosed in the petition); *Intelligent Bio-Systems, Inc. v. Illumina Cambridge, Ltd.*, 821 F.3d 1359, 1369

(Fed. Cir. 2016) (holding that enforcement of the disclosure requirement of §

312(a)(3) is "of the utmost importance").

Those precedents also conflict with the panel's decision in this case that "the

AIA does not create an informational right," as well as its holding that rights

arising only in the context of IPR proceedings and lacking a special statutory cause

of action are not enforceable on appeal. *Dolby*, 138 F.4th at 1367.

## III. The panel's holding that Section 314(d) bars review of this appeal conflicts with Supreme Court precedents and this Court's precedents

The panel's decision also stated in passing, without analysis, that "the AIA

bars judicial review of . . . decisions concerning the RPI requirement under 35

U.S.C. § 312(a)(2)." *Dolby*, 138 F.4th at 1367 (citing 35 U.S.C. § 314(d), *ESIP

Series 2, LLC v. Puzhen Life USA, LLC*, 958 F.3d 1378, 1386 (Fed. Cir. 2020), and

*SIPCO, LLC v. Emerson Elec. Co.*, 980 F.3d 865, 869 (Fed. Cir. 2020)).

That aspect of the panel's decision overlooked and did not address Dolby's

extensive contrary demonstration that, in view of the Supreme Court's precedent in

*SAS Institute v. Iancu* and the facts of this case, Section 314(d) cannot bar this

appeal. Yellow Br. 18-23. Neither *ESIP Series 2*, *SIPCO*, nor any other decision of

this Court has held otherwise. *Id.*

Section 314(d) states that "[t]he determination by the Director whether ***to

institute*** an inter partes review under this section shall be final and nonappealable."

(emphasis added). But as Dolby explained before the panel, this appeal does not

10

challenge the Board's decision *to institute*, nor does it request post-institution termination of the proceeding. Yellow Br. 18-19. Rather, this appeal is entirely directed to the Board's post-institution *conduct* of the proceeding, *i.e.*, its refusal to decide whether nine specific entities are real parties in interest here. *Id.*

The statutory mandate for correct and fulsome real party in interest identification is not simply tied to institution, but rather also applies to the Board's ongoing, post-institution conduct of the proceeding. The text of 35 U.S.C. § 312(a) mandates as a strict condition precedent that the Board can "*consider*" a petition "only if" the petition satisfies § 312(a)(1)-(5). The Board does not "*consider*" the petition only as part of its decision to institute, but also "considers" the petition post-institution, including in preparing its final written decision.

Moreover, the Board's own regulations and practices also apply the real party in interest disclosure requirement *post-institution*. 37 C.F.R. § 42.8(a)(3), 42.8(b)(1) (requiring a petitioner to update its identification of all real parties in interest within 21 days of any change, including post-institution); *Atlanta Gas Light Co. v. Bennett Regul. Guards, Inc.*, 33 F.4th 1348, 1350 (Fed. Cir. 2022) (Board terminating proceeding *post-institution* due to petitioner's incorrect identification of its real parties in interest); *Medtronic, Inc. v. Robert Bosch Healthcare Sys.*, 839 F.3d 1382, 1383-84 (Fed. Cir. 2016) (Board terminating proceeding *post-institution* on same basis); *Verify Smart Corp. v. Askeladden*,

11

*L.L.C.*, 824 F. App'x 1015, 1018 (Fed. Cir. 2020) (Board requiring petitioner to update its disclosures to identify a real party in interest that only arose *post-institution*).

Thus, both Section 312(a) and the Board's regulations and practices establish that a patent owner's right to know all real parties in interest to the petition under § 312(a)(2) necessarily extends beyond institution, and independent of the decision to institute—rendering the appeal bar of § 314(d) inapplicable here.

In *SAS Institute*, the Supreme Court effectively reached the same conclusion, where it held that Section 314(d) does not bar judicial review of post-institution conduct by the Director and Board. 584 U.S. at 371 ("nothing in §314(d) or *Cuozzo* withdraws our power to ensure than inter partes review proceeds in accordance with the law's demands.").

The Supreme Court revisited the issue in *Thryv, Inc. v. Click-to-Call Techs., LP*, 590 U.S. 45 (2020), and confirmed that the applicability of Section 314(d) turns on whether an appeal "challenges [ ] the manner in which the agency's review 'proceeds' once instituted," or "whether the agency should have instituted review at all." *Id.* at 58. The former is not barred by Section 314(d). *Id.*

As Dolby demonstrated before the panel, its appeal exclusively challenges the way the Board and Director conducted the proceeding post-institution, and specifically the refusal to determine whether nine specific entities are real parties

in interest to this proceeding as required under Section 312(a)(2). Section 314(d) thus does not bar this appeal. *SAS*, 584 U.S. at 371; *Thryv*, 590 U.S. at 58.

This Court's precedents likewise confirm that an appellate challenge to the Board's post-institution conduct of the proceeding, even if arising out of a statute that is "related" to institution, is ***not*** barred under Section 314(d). *Qualcomm Inc. v. Apple Inc.*, 134 F.4th 1355, 1361-64 (Fed. Cir. 2025) (summarizing case law and concluding "we have heard IPR appeals . . . where challenged issues were related, but not 'closely,' to institution decisions" so long as the challenge was directed to "the manner in which the agency's review proceeds once instituted," as permitted under *Thryv*); *Facebook v. Windy City*, 973 F.3d 1321, 1332 (Fed. Cir. 2020); *Uniloc 2017 v. Facebook*, 989 F.3d 1018, 1027 (Fed. Cir. 2021); *Intuitive Surgical v. Ethicon*, 25 F. 4th 1035, 1040 (Fed. Cir. 2022).

By contrast, *ESIP Series 2* involved a challenge to the Board's decision to institute, which is not at issue here. *ESIP Series 2 v. Puzhen Life*, 958 F.3d 1378, 1386 (Fed. Cir. 2020) (appellant arguing that "the agency should have refused to institute" due to omitted real parties in interest); *SIPCO v. Emerson*, 980 F.3d 865, 869 (Fed. Cir. 2020) (confirming that in *ESIP Series 2*, appellant argued "the agency should have refused to institute inter partes review, and thus § 314(d) barred judicial review.").

The panel's decision thus incorrectly held, without analysis, that Section 314(d) categorically bars all appeals arising from the Board's conduct as to Section 312(a)(2), including under the specific facts of this case.

## IV. The panel imposed an improper standard for establishing injury in fact that conflicts with Supreme Court and other circuit precedents

Establishing an injury in fact from the violation of a statutory right to information merely requires a showing that the "information deficit *hindered*" the aggrieved party's interests. *TransUnion v. Ramirez*, 594 U.S. 413, 442-43 (2021) (explaining that a demonstration that "the alleged information deficit *hindered* their ability to correct erroneous information before it was later sent to third parties" would have sufficed to show the necessary "downstream consequences" to establish injury in fact for informational standing) (emphasis added).

Stated otherwise, "[t]he law is settled that a denial of access to information qualifies as an injury in fact where a statute (on the claimants' reading) requires that the information be publicly disclosed and there is no reason to doubt their claim *that the information would help them*." *Campaign Legal Ctr. & Democracy 21 v. FEC*, 952 F.3d 352, 356 (D.C. 2020) (emphasis added); *NRDC, Inc. v. EPA*, 961 F.3d 160, 169 (2d Cir. 2020) (quoting and adopting same).

Before the panel, Dolby demonstrated that identifying whether the nine entities at issue are real parties in interest to this proceeding would help it to "to enforce its estoppel rights" against those entities in any future proceedings, and

that the denial of that information hindered its ability to do so. Yellow Br. 12-13.

Dolby explained it has gathered extensive evidence from Unified to prove that

those entities are Unified's real parties in interest here. That evidence, however, is

subject to a protective order that requires the evidence to be destroyed within 60

days of final disposition of this action. Appx5001 at ¶ 11. To gather that evidence

in a future proceeding brought by one of the disputed real parties in interest would

require third party discovery, which in turn would require both a successful motion

before the Board, 37 C.F.R. §§ 42.51 & 42.52, and a subpoena from a district court

under 35 U.S.C. § 24. Under the tight timelines of IPR proceedings, those

requirements make third party discovery effectively impractical. As a result, Dolby

would be forced to relitigate an entire IPR that should have been estopped at the

outset based on the information the Board and Unified were required to provide in

*this* proceeding. That outcome would frustrate the purpose of Section 312(a)(2).

*Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336, 1349-50 (Fed.

Cir. 2018) ("a patent owner dragged into an IPR by a petitioner . . . should not be

forced to defend against later judicial or administrative attacks on the same or

related grounds by a party that is so closely related to the original petitioner as to

qualify as a real party in interest.").

Dolby thus established an injury in fact under the settled law of

informational standing. *TransUnion*, 594 U.S. at 442-43; *Campaign Legal Ctr. &*

*Democracy 21 v. FEC*, 952 F.3d 352, 356 (D.C. 2020); *NRDC, Inc. v. EPA*, 961 F.3d 160, 169 (2d Cir. 2020).

The panel's decision, however, found that Dolby had failed to show an injury in fact because Dolby did not prove "it will be ***barred*** from asserting estoppel against the Alleged RPIs in hypothetical future litigation." *Dolby*, 138 F.4th at 1368 (emphasis added). Dolby was not required to make such a showing. The panel's decision dramatically heightened the injury in fact standard in informational standing cases, and conflicts with Supreme Court, D.C. Circuit, and Second Circuit precedents.

## CONCLUSION

For the reasons above, the panel should rehear and correct its decision in the above respects, or else this Court should vacate the panel opinion and rehear the above issues *en banc*. This Court should then address the merits of all aspects of Dolby's appeal, which it has not reached. *See Dolby*, 138 F.4th at 1366, n. 1.

Respectfully submitted,
*/s/ Kayvan B. Noroozi*

Kayvan B. Noroozi
NOROOZI PC
11601 Wilshire Blvd., Ste. 2170
Los Angeles, CA 90025
Telephone: (310) 975-7074
Facsimile: (844) 975-7074

Richard A. Epstein
16 Thomas Place

Norwalk, CT 06853
773.450.4476
raepstein43@gmail.com

*Counsel for Appellant*

# **ADDENDUM**

# United States Court of Appeals for the Federal Circuit

———————————

**DOLBY LABORATORIES LICENSING CORPORATION,**
*Appellant*

v.

**UNIFIED PATENTS, LLC,**
*Appellee*

**COKE MORGAN STEWART, ACTING UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND ACTING DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

———————————

2023-2110

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-00275.

———————————

Decided: June 5, 2025

———————————

KAYVAN B. NOROOZI, Noroozi PC, Los Angeles, CA, argued for appellant. Also represented by RICHARD EPSTEIN, Norwalk, CT.

ANGELA M. OLIVER, Haynes and Boone, LLP, Washington, DC, argued for appellee. Also represented by ADAM LLOYD ERICKSON; DEBRA JANECE MCCOMAS, DAVID L. MCCOMBS, Dallas, TX; ROSHAN MANSINGHANI, JESSICA LEANN ANDERSEN MARKS, Unified Patents, LLC, Chevy Chase, MD.

KEVIN J. KENNEDY, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, argued for intervenor. Also represented by BRIAN M. BOYNTON; PETER J. AYERS, MICHAEL S. FORMAN, AMY J. NELSON, FARHEENA YASMEEN RASHEED, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

---

Before MOORE, *Chief Judge*, CLEVENGER and CHEN, *Circuit Judges*.

MOORE, *Chief Judge*.

Dolby Laboratories Licensing Corporation (Dolby) appeals from a final written decision of the Patent Trial and Appeal Board (Board) determining all challenged claims of U.S. Patent No. 10,237,577 are not unpatentable. Because Dolby fails to establish an injury in fact sufficient to confer standing to appeal, we dismiss.

## BACKGROUND

Dolby owns the '577 patent, directed to a prediction method using an in-loop filter. '577 patent at 1:54–58. Unified Patents, LLC (Unified) petitioned for *inter partes* review (IPR) challenging claims 1, 7, and 8 of the '577 patent as anticipated and obvious. J.A. 76. In its petition, Unified certified it was the sole real party in interest (RPI) under 37 C.F.R. § 42.8(b)(1). J.A. 81. Dolby identified nine other entities it believed should also have been named as RPIs (Alleged RPIs). J.A. 3568–86. In its institution decision, the Board declined to adjudicate whether the Alleged RPIs

were RPIs and instituted review with Unified as the sole RPI. J.A. 5044–47.

In its final written decision, the Board held Unified failed to show any of the challenged claims are unpatentable. J.A. 36. The Board again declined to adjudicate the RPI dispute, explaining such a determination is unnecessary because there is no evidence any of the Alleged RPIs are time-barred or estopped under 35 U.S.C. § 315 from bringing the IPR or that Unified purposefully omitted any of the Alleged RPIs to gain an advantage. J.A. 3–5 (citing *SharkNinja Operating LLC v. iRobot Corp.*, No. IPR2020-00734, Paper 11 at 2, 16, 18, 32 (P.T.A.B. Oct. 6, 2020) (precedential)). The Board followed the United States Patent and Trademark Office's practice of only adjudicating RPI disputes when material to the proceeding in the interest of cost and efficiency. *SharkNinja*, No. IPR2020-00734, Paper 11 at 18–20. Dolby appeals. Unified and the Director of the Patent and Trademark Office, who has intervened, challenge standing on appeal.

## DISCUSSION

We have jurisdiction to review final decisions of the Board pursuant to 28 U.S.C. § 1295(a)(4)(A). However, our jurisdiction is limited to "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 1. To establish a case or controversy, a party must meet the "irreducible constitutional minimum of standing." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Although a party does not need Article III standing to file an IPR petition or obtain a Board decision, the party must establish standing once it seeks our review of the Board's final decision. *Allgenesis Biotherapeutics Inc. v. Cloudbreak Therapeutics, LLC*, 85 F.4th 1377, 1380 (Fed. Cir. 2023).

To meet Article III standing requirements, an appellant must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the [appellee], and (3) that is likely to be redressed by a favorable judicial

decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish an injury in fact, an appellant must show it has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560). As the party seeking judicial review, Dolby bears the burden of establishing it has standing. *Phigenix, Inc. v. Immunogen, Inc.*, 845 F.3d 1168, 1171 (Fed. Cir. 2017).

Dolby argues it has standing to appeal the Board's refusal to adjudicate the RPI dispute based on (1) the statutory right of a "dissatisfied" party under 35 U.S.C. § 319; (2) the violation of Dolby's statutory right to information under 35 U.S.C. § 312(a)(2); and (3) various harms stemming from the Board's refusal, which amount to injury in fact.[1] We conclude Dolby failed to meet its burden to establish standing on any ground.

## I.

Dolby first argues 35 U.S.C. § 319 confers standing to appeal the Board's decision because it is a "dissatisfied" party. Dolby Op. Br. 12; *see also* 35 U.S.C. § 319 ("A party dissatisfied with the final written decision of the [Board] under section 318(a) may appeal the decision pursuant to sections 141 through 144."). We do not agree. It is well established that a statutory right to appeal under the America Invents Act (AIA) does not obviate the requirement for Article III standing. *See, e.g.*, *JTEKT Corp. v. GKN Auto. LTD.*, 898 F.3d 1217, 1219 (Fed. Cir. 2018) ("In a series of decisions, we have held that the statute cannot

---

[1]    Dolby repeats these arguments to assert standing to challenge (1) *SharkNinja* as procedurally void and (2) the Board's grant of Unified's motion to seal certain information related to the unadjudicated RPI dispute as confidential. Dolby Op. Br. 24, 28.

be read to dispense with the Article III injury-in-fact requirement for appeal to this court.").

## II.

Dolby also argues 35 U.S.C. § 312(a)(2) grants patent owners an informational right to know the identities of all RPIs in IPR proceedings, and the violation of such a right constitutes an injury in fact. Dolby Op. Br. 12–13; Dolby Reply Br. 1–10; *see also* 35 U.S.C. § 312(a)(2) ("A petition filed under section 311 may be considered only if the petition identifies all real parties in interest."). We do not agree.

The Supreme Court has found an informational right exists in cases involving "public-disclosure or sunshine laws that entitle all members of the public to certain information." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 441 (2021). For instance, denial of access to records from the American Bar Association's Standing Committee on the Federal Judiciary constituted an injury in fact because the Federal Advisory Committee Act (FACA) requires that advisory committee minutes, records, and reports be made publicly available. *Pub. Citizen v. Dep't of Just.*, 491 U.S. 440, 449, 446–47 (1989) (citing 5 U.S.C. app. § 10(b)).

Similarly, denial of information about the American Israel Public Affairs Committee's contributors and activities constituted an injury in fact because the Federal Election Campaign Act (FECA) requires political committees to disclose detailed reports of donors, contributions, and expenditures. *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 20, 14–15 (1998) (citing 2 U.S.C. §§ 432–34). FECA specifically provides a statutory cause of action for any party to file suit if they believe a violation of the Act, such as failure to disclose certain information, has occurred. *Id.* at 19 (quoting 2 U.S.C. § 437g(a)(1), (a)(8)(A)).

One of the express purposes of FACA and FECA is thus to allow the public access to certain information. By

contrast, the purpose of the AIA is "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Thryv, Inc v. Click-To-Call Techs., LP*, 590 U.S. 45, 54 (2020) (quoting H.R. Rep. No. 112–98, pt. 1, at 40 (2011)).

Even if patent owners have a right under 35 U.S.C. § 312(a)(2) to have RPI disputes adjudicated, such a right only arises in the context of IPR proceedings; there is no freestanding right to that information. Rather than creating a special statutory cause of action, the AIA bars judicial review of IPR institution decisions, which includes decisions concerning the RPI requirement under 35 U.S.C. § 312(a)(2). *ESIP Series 2, LLC v. Puzhen Life USA, LLC*, 958 F.3d 1378, 1386 (Fed. Cir. 2020); *cf. SIPCO, LLC v. Emerson Elec. Co.*, 980 F.3d 865, 869 (Fed. Cir. 2020); *see also* 35 U.S.C. § 314(d) ("The determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable."). We therefore hold the AIA does not create an informational right.

## III.

Dolby argues it has suffered an injury in fact because (1) the Alleged RPIs may be breaching license agreements, (2) the empaneled Administrative Patent Judges (APJs) that rendered the Board's final written decision may have conflicts of interest with the Alleged RPIs, (3) the Alleged RPIs may not be properly estopped in future proceedings, and (4) Unified may be disincentivized from filing IPRs if it must identify its members as RPIs. Dolby Op. Br. 12–15. We conclude Dolby's purported injuries are too speculative to establish Article III standing.

First, Dolby does not argue any of the Alleged RPIs are subject to license agreements with Dolby, much less provide evidence the Alleged RPIs are breaching license agreements. *See* Dolby Op. Br. 12–13; *see also Apple Inc. v. Qualcomm Inc.*, 992 F.3d 1378, 1383–84 (Fed. Cir. 2021)

(holding appellant failed to show standing to appeal an IPR final decision based on ongoing license obligations that would not be affected by the validity determination).

Second, Dolby provides no evidence any of the APJs had a potential conflict based on any of the Alleged RPIs, despite Dolby's counsel knowing the identities of the Alleged RPIs and having the ability to request the APJs' financial disclosures once the case was empaneled. *See* Dolby Op. Br. 13; Director Br. 20–21. The APJs had sufficient information to ensure a lack of conflicts because Dolby identified the Alleged RPIs before institution. J.A. 3573–74. More importantly, Dolby cannot show harm from a potential conflict because it prevailed before the Board. J.A. 36. Dolby does not seek to disturb the decision in its favor issued by the APJs it claims may have had a conflict.

Third, Dolby provides no evidence it will be barred from asserting estoppel against the Alleged RPIs in hypothetical future litigation. *See* Dolby Op. Br. 14. Nor does Dolby claim that any of the Alleged RPIs is engaged in, or intends to engage in, activity that may trigger an infringement suit. *Id.* It is undisputed there is no pending or threatened litigation related to the '577 patent such that estoppel issues would be implicated. J.A. 4–5. It is also undisputed there is no collateral estoppel effect of the Board's refusal to adjudicate the RPI dispute that would prevent Dolby from raising the issue in future proceedings, whether before the Board or in district court. Director Br. 15; Unified Br. 15, 18.

Finally, Dolby provides no evidence Unified would change its strategies should it be required to disclose its members as RPIs. *See* Dolby Op. Br. 14–15. Dolby merely speculates that, if required to do so, Unified may never challenge another Dolby patent again. *Id.* The only support Dolby cites is Unified's CEO's testimony that requiring its members to be named as RPIs in IPRs would be "a

dramatic departure" from its existing practices.  J.A. 3662 at 24:23–24.  That is far too speculative to establish injury in fact.

## CONCLUSION

For these reasons, we conclude Dolby has failed to establish an injury in fact sufficient to confer Article III standing.  We dismiss the appeal and do not reach the merits of Dolby's substantive challenges.

**DISMISSED**

## COSTS

No costs.

# 35 USCS § 312

Current through Public Law 119-20, approved June 20, 2025.

## § 312. Petitions

**(a) Requirements of petition.**   A petition filed under section 311 [35 USCS § 311] may be considered only if—

**(1)**  the petition is accompanied by payment of the fee established by the Director under section 311 [35 USCS § 311];

**(2)**  the petition identifies all real parties in interest;

**(3)**  the petition identifies, in writing and with particularity, each claim challenged, the grounds on which the challenge to each claim is based, and the evidence that supports the grounds for the challenge to each claim, including—

**(A)**  copies of patents and printed publications that the petitioner relies upon in support of the petition; and

**(B)**  affidavits or declarations of supporting evidence and opinions, if the petitioner relies on expert opinions;

**(4)**  the petition provides such other information as the Director may require by regulation; and

**(5)**  the petitioner provides copies of any of the documents required under paragraphs (2), (3), and (4) to the patent owner or, if applicable, the designated representative of the patent owner.

**(b) Public availability.**   As soon as practicable after the receipt of a petition under section 311 [35 USCS § 311], the Director shall make the petition available to the public.

## History

**HISTORY:**

35 USCS § 312

Added Sept. 16, 2011, P. L. 112-29, § 6(a), 126 Stat. 300.

United States Code Service
Copyright © 2025 All rights reserved.

---

**End of Document**

# 35 USCS § 314

Current through Public Law 119-20, approved June 20, 2025.

## § 314. Institution of inter partes review

**(a) Threshold.**  The Director may not authorize an inter partes review to be instituted unless the Director determines that the information presented in the petition filed under section 311 [35 USCS § 311] and any response filed under section 313 [35 USCS § 313] shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition.

**(b) Timing.**  The Director shall determine whether to institute an inter partes review under this chapter [35 USCS §§ 311 et seq.] pursuant to a petition filed under section 311 [35 USCS § 311] within 3 months after—

**(1)**  receiving a preliminary response to the petition under section 313 [35 USCS § 313]; or

**(2)**  if no such preliminary response is filed, the last date on which such response may be filed.

**(c) Notice.**  The Director shall notify the petitioner and patent owner, in writing, of the Director's determination under subsection (a), and shall make such notice available to the public as soon as is practicable. Such notice shall include the date on which the review shall commence.

**(d) No appeal.**  The determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable.

## History

**HISTORY:**

Added Sept. 16, 2011, P. L. 112-29, § 6(a), 126 Stat. 300.

United States Code Service

Copyright © 2025 All rights reserved.

**End of Document**

# 35 USCS § 316

Current through Public Law 119-20, approved June 20, 2025.

*United States Code Service*
> *TITLE 35. PATENTS (§§ 1 — 390)*
> *Part III. Patents and Protection of Patent*
*Rights (Chs. 25 — 32)*    >
*CHAPTER 31. Inter Partes Review (§§ 311 — 319)*

## § 316. Conduct of inter partes review

(a) **Regulations.**  The Director shall prescribe regulations—

(1)  providing that the file of any proceeding under this chapter [35 USCS §§ 311 et seq.] shall be made available to the public, except that any petition or document filed with the intent that it be sealed shall, if accompanied by a motion to seal, be treated as sealed pending the outcome of the ruling on the motion;

(2)  setting forth the standards for the showing of sufficient grounds to institute a review under section 314(a) [35 USCS § 314(a)];

(3)  establishing procedures for the submission of supplemental information after the petition is filed;

(4)  establishing and governing inter partes review under this chapter [35 USCS §§ 311 et seq.] and the relationship of such review to other proceedings under this title;

(5)  setting forth standards and procedures for discovery of relevant evidence, including that such discovery shall be limited to—

(A)  the deposition of witnesses submitting affidavits or declarations; and

(B)  what is otherwise necessary in the interest of justice;

(6)  prescribing sanctions for abuse of discovery, abuse of process, or any other improper use of the proceeding, such as to harass or to cause unnecessary delay or an unnecessary increase in the cost of the proceeding;

(7)  providing for protective orders governing the exchange and submission of confidential information;

(8)  providing for the filing by the patent owner of a response to the petition under section 313 [35 USCS § 313] after an inter partes review has been instituted, and requiring that the patent owner file with such response, through

affidavits or declarations, any additional factual evidence and expert opinions on which the patent owner relies in support of the response;

**(9)** setting forth standards and procedures for allowing the patent owner to move to amend the patent under subsection (d) to cancel a challenged claim or propose a reasonable number of substitute claims, and ensuring that any information submitted by the patent owner in support of any amendment entered under subsection (d) is made available to the public as part of the prosecution history of the patent;

**(10)** providing either party with the right to an oral hearing as part of the proceeding;

**(11)** requiring that the final determination in an inter partes review be issued not later than 1 year after the date on which the Director notices the institution of a review under this chapter [35 USCS §§ 311 et seq.], except that the Director may, for good cause shown, extend the 1-year period by not more than 6 months, and may adjust the time periods in this paragraph in the case of joinder under section 315(c) [35 USCS § 315(c)];

**(12)** setting a time period for requesting joinder under section 315(c) [35 USCS § 315(c)]; and

**(13)** providing the petitioner with at least 1 opportunity to file written comments within a time period established by the Director.

**(b) Considerations.** In prescribing regulations under this section, the Director shall consider the effect of any such regulation on the economy, the integrity of the patent system, the efficient administration of the Office, and the ability of the Office to timely complete proceedings instituted under this chapter [35 USCS §§ 311 et seq.].

**(c) Patent Trial and Appeal Board.** The Patent Trial and Appeal Board shall, in accordance with section 6 [35 USCS § 6], conduct each inter partes review instituted under this chapter [35 USCS §§ 311 et seq.].

**(d) Amendment of the patent.**

**(1)** In general. During an inter partes review instituted under this chapter [35 USCS §§ 311 et seq.], the patent owner may file 1 motion to amend the patent in 1 or more of the following ways:

**(A)** Cancel any challenged patent claim.

**(B)** For each challenged claim, propose a reasonable number of substitute claims.

**(2)** Additional motions. Additional motions to amend may be permitted upon the joint request of the petitioner and the patent owner to materially advance the

settlement of a proceeding under section 317 [35 USCS § 317], or as permitted by regulations prescribed by the Director.

**(3)**  Scope of claims. An amendment under this subsection may not enlarge the scope of the claims of the patent or introduce new matter.

**(e) Evidentiary standards.**   In an inter partes review instituted under this chapter [35 USCS §§ 311 et seq.], the petitioner shall have the burden of proving a proposition of unpatentability by a preponderance of the evidence.

## History

**HISTORY:**

Added Sept. 16, 2011, P. L. 112-29, § 6(a), 126 Stat. 302.

United States Code Service

Copyright © 2025 All rights reserved.

# 35 USCS § 318

Current through Public Law 119-20, approved June 20, 2025.

*United States Code Service*
*TITLE 35. PATENTS (§§ 1 — 390)*
*Part III. Patents and Protection of Patent*
*Rights (Chs. 25 — 32)*        >
*CHAPTER 31. Inter Partes Review (§§ 311 — 319)*

## § 318. Decision of the Board

**(a) Final written decision.**  If an inter partes review is instituted and not dismissed under this chapter [35 USCS §§ 311 et seq.], the Patent Trial and Appeal Board shall issue a final written decision with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 316(d) [35 USCS § 316(d)].

**(b) Certificate.**  If the Patent Trial and Appeal Board issues a final written decision under subsection (a) and the time for appeal has expired or any appeal has terminated, the Director shall issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent by operation of the certificate any new or amended claim determined to be patentable.

**(c) Intervening rights.**  Any proposed amended or new claim determined to be patentable and incorporated into a patent following an inter partes review under this chapter [35 USCS §§ 311 et seq.] shall have the same effect as that specified in section 252 [35 USCS § 252] for reissued patents on the right of any person who made, purchased, or used within the United States, or imported into the United States, anything patented by such proposed amended or new claim, or who made substantial preparation therefor, before the issuance of a certificate under subsection (b).

**(d) Data on length of review.**  The Office shall make available to the public data describing the length of time between the institution of, and the issuance of a final written decision under subsection (a) for, each inter partes review.

## History

**HISTORY:**

35 USCS § 318

Added Sept. 16, 2011, P. L. 112-29, § 6(a), 126 Stat. 303.

United States Code Service

Copyright © 2025 All rights reserved.

---

**End of Document**

## 37 CFR 42.51

This document is current through the August 19, 2025 issue of the Federal Register, with the exception of the amendments appearing at 90 FR 39126.

*LEXISNEXIS' CODE OF*

*FEDERAL REGULATIONS*        >
*Title 37 Patents, Trademarks, and Copyrights*        >
*Chapter I — United States Patent and Trademark Office, Department of Commerce*        >
*Subchapter A — General*        >
*Practice Before the Patent and Trademark Office*        >
*Part 42 — Trial Practice Before the Patent Trial and Appeal Board*        >
*Subpart A — Trial Practice and Procedure*        >
*Testimony and Production*

## § 42.51 Discovery.

(a) Mandatory initial disclosures.

(1) With agreement. Parties may agree to mandatory discovery requiring the initial disclosures set forth in the Office Patent Trial Practice Guide.

(i) The parties must submit any agreement reached on initial disclosures by no later than the filing of the patent owner preliminary response or the expiration of the time period for filing such a response. The initial disclosures of the parties shall be filed as exhibits.

(ii) Upon the institution of a trial, parties may automatically take discovery of the information identified in the initial disclosures.

(2) Without agreement. Where the parties fail to agree to the mandatory discovery set forth in paragraph (a)(1), a party may seek such discovery by motion.

(b) Limited discovery. A party is not entitled to discovery except as provided in paragraph (a) of this section, or as otherwise authorized in this subpart.

(1) Routine discovery. Except as the Board may otherwise order:

(i) Unless previously served or otherwise by agreement of the parties, any exhibit cited in a paper or in testimony must be served with the citing paper or testimony.

(ii) Cross examination of affidavit testimony prepared for the proceeding is authorized within such time period as the Board may set.

37 CFR 42.51

(iii) Unless previously served, a party must serve relevant information that is inconsistent with a position advanced by the party during the proceeding concurrent with the filing of the documents or things that contains the inconsistency. This requirement does not make discoverable anything otherwise protected by legally recognized privileges such as attorney-client or attorney work product. This requirement extends to inventors, corporate officers, and persons involved in the preparation or filing of the documents or things.

**(2) Additional discovery.**

**(i)** The parties may agree to additional discovery between themselves. Where the parties fail to agree, a party may move for additional discovery. The moving party must show that such additional discovery is in the interests of justice, except in post-grant reviews where additional discovery is limited to evidence directly related to factual assertions advanced by either party in the proceeding (See § 42.224). The Board may specify conditions for such additional discovery.

**(ii)** When appropriate, a party may obtain production of documents and things during cross examination of an opponent's witness or during authorized compelled testimony under § 42.52.

**(c)** Production of documents. Except as otherwise ordered by the Board, a party producing documents and things shall either provide copies to the opposing party or make the documents and things available for inspection and copying at a reasonable time and location in the United States.

## Statutory Authority

Authority Note Applicable to 37 CFR Ch. I, Subch. A, Pt. 42

## History

[77 FR 48612, 48669, Aug. 14, 2012; 80 FR 28561, 28565, May 19, 2015]

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright © 2025 All rights reserved.

# 37 CFR 42.52

This document is current through the August 19, 2025 issue of the Federal Register, with the exception of the amendments appearing at 90 FR 39126.

*LEXISNEXIS' CODE OF FEDERAL REGULATIONS*     >
*Title 37 Patents, Trademarks, and Copyrights*     >
*Chapter I — United States Patent and Trademark Office, Department of Commerce*     >
*Subchapter A — General*
*Practice Before the Patent and Trademark Office*     >
*Part 42 — Trial Practice Before the Patent Trial and Appeal Board*     >
*Subpart A — Trial Practice and Procedure*     >
*Testimony and Production*

## § 42.52 Compelling testimony and production.

**(a)** Authorization required. A party seeking to compel testimony or production of documents or things must file a motion for authorization. The motion must describe the general relevance of the testimony, document, or thing, and must:

**(1)** In the case of testimony, identify the witness by name or title; and

**(2)** In the case of a document or thing, the general nature of the document or thing.

**(b)** Outside the United States. For testimony or production sought outside the United States, the motion must also:

**(1)  In the case of testimony.**

**(i)** Identify the foreign country and explain why the party believes the witness can be compelled to testify in the foreign country, including a description of the procedures that will be used to compel the testimony in the foreign country and an estimate of the time it is expected to take to obtain the testimony; and

**(ii)** Demonstrate that the party has made reasonable efforts to secure the agreement of the witness to testify in the United States but has been unsuccessful in obtaining the agreement, even though the party has offered to pay the travel expenses of the witness to testify in the United States.

**(2)  In the case of production of a document or thing.**

**(i)** Identify the foreign country and explain why the party believes production of the document or thing can be compelled in the foreign country, including a

37 CFR 42.52

description of the procedures that will be used to compel production of the document or thing in the foreign country and an estimate of the time it is expected to take to obtain production of the document or thing; and

**(ii)** Demonstrate that the party has made reasonable efforts to obtain the agreement of the individual or entity having possession, custody, or control of the document or thing to produce the document or thing in the United States but has been unsuccessful in obtaining that agreement, even though the party has offered to pay the expenses of producing the document or thing in the United States.

## Statutory Authority

Authority Note Applicable to 37 CFR Ch. I, Subch. A, Pt. 42

## History

[77 FR 48612, 48673, Aug. 14, 2012]

LEXISNEXIS' CODE OF FEDERAL REGULATIONS

Copyright © 2025 All rights reserved.

# 37 CFR 42.8

This document is current through the August 19, 2025 issue of the Federal Register, with the exception of the amendments appearing at 90 FR 39126.

*LEXISNEXIS' CODE OF FEDERAL REGULATIONS* >
*Title 37 Patents, Trademarks, and Copyrights* >
*Chapter I — United States Patent and Trademark Office, Department of Commerce* >
*Subchapter A — General* >
*Practice Before the Patent and Trademark Office* >
*Part 42 — Trial Practice Before the Patent Trial and Appeal Board* >
*Subpart A — Trial Practice and Procedure* >
*General*

## § 42.8 Mandatory notices.

(a) Each notice listed in paragraph (b) of this section must be filed with the Board:

(1) By the petitioner, as part of the petition;

(2) By the patent owner, or applicant in the case of derivation, within 21 days of service of the petition; or

(3) By either party, within 21 days of a change of the information listed in paragraph (b) of this section stated in an earlier paper.

(b) Each of the following notices must be filed:

(1) Real party-in-interest. Identify each real party-in-interest for the party.

(2) Related matters. Identify any other judicial or administrative matter that would affect, or be affected by, a decision in the proceeding.

(3) Lead and back-up counsel. If the party is represented by counsel, then counsel must be identified.

(4) Service information. Identify (if applicable):

(i) An electronic mail address;

(ii) A postal mailing address;

(iii) A hand-delivery address, if different than the postal mailing address;

(iv) A telephone number; and

(v) A facsimile number.

## Statutory Authority

Authority Note Applicable to 37 CFR Ch. I, Subch. A, Pt. 42

## History

[77 FR 48612, 48671, Aug. 14, 2012]

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright © 2025 All rights reserved.

**End of Document**

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025, a true and correct copy of the foregoing was timely filed with the Clerk of the Court using the appellate CM/ECF system, which will send notifications to all counsel registered to receive electronic notices.

*/s/ Kayvan Noroozi*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 40 and 32(f) and the Rules of this Court, because it contains 3,817 words (as determined by the Microsoft Word for Mac 2020 word-processing system used to prepare the brief), excluding the parts of the brief exempted by Federal Circuit Rule 32(b)(2).

This brief also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) and the Rules of this Court because it has been prepared in a proportionally spaced typeface using the Microsoft Word for Mac 2020 word-processing system in 14-point Roman font.

This brief also complies with the other requirements of Federal Rule of Appellate Procedure 40 and this Court's Rule 40.

*/s/ Kayvan Noroozi*